## MARTÍNEZ *v.* RIVERA.

RECURSO de queja contra resolución de la Corte de Distrito de Mayagüez.

No. 1.—Resuelto en abril 4, 1904.

APELACIÓN—SENTENCIA DEFINITIVA.—El recurso de apelación procede contra las sentencias definitivas, entendiéndose por tales, no sólo las que terminen el (*) juicio, sino también las que recayendo sobre un incidente o artículo, pongan término al pleito, haciendo imposible su continuación.

ID.—Un auto denegatorio de la reposición de otro auto por el que se negó a su vez la intervención en unas operaciones de recolección de café de una finca rústica, dentro del procedimiento sumarísimo de la Ley Hipotecaria, no es definitivo y por consiguiente no es apelable para ante el Tribunal Supremo.

HIPOTECAS—PROCEDIMIENTO SUMARIO.—El procedimiento sumario que determina la Ley Hipotecaria para el cobro de créditos hipotecarios, no puede suspenderse a instancias del deudor, ni de ninguna otra persona.

ID.—RECURSOS DEL DEUDOR—ASEGURAMIENTO DE SENTENCIA.—El deudor además de los recursos que le otorga el párrafo 9 del artículo 175 del Reglamento Hipotecario, puede asegurar la efectividad de la sentencia que haya de dictarse en el pleito que puede iniciarse a su instancia, solicitando en él la retención del todo o parte de la cantidad que por el procedimiento ejecutivo deba entregarse al acreedor ejecutante.

### EXPOSICIÓN DEL CASO.

*Resultando:* que dentro del procedimiento sumarísimo que estatuye la Ley Hipotecaria y regula su reglamento, seguido por Don Víctor Martínez contra Don Domingo Rivera, en cobro de un crédito hipotecario, a solicitud del ejecutante se decretó la administración judicial de la finca hipotecada, según lo que dispone el artículo 1528 de la Ley de Enjuiciamiento Civil.

*Resultando:* que el letrado del demandado, en nombre de su principal, solicitó la intervención de las operaciones de recolección del café de la finca rústica objeto de la administración, fundando su solicitud en los artículos 1519, 1520, 1528 y siguientes de la ley mencionada, y fué denegada la solicitud en providencia de 1 de octubre último.

*Resultando:* que el letrado mencionado solicitó reposición de esa providencia, y también ésta fué denegada, por auto de 19 de noviembre último.

*Resultando:* que en seguida interpuso apelación contra el auto últimamente mencionado y se denegó por otro de 5 de diciembre siguiente.

*Resultando:* que haciendo uso del derecho, que según sostiene, concede a su parte el artículo 397 de la Ley de Enjuiciamiento Civil, interpuso el recurso de queja (\*) correspondiente, suplicando a esta Corte Suprema que haga los pronunciamientos que procedan y sean de justicia.

*Resultando:* que interpuesto en tiempo y forma por el deudor el recurso de queja contra el auto denegatorio del de apelación, se señaló día para la vista, cuyo acto se celebró sin la asistencia de los abogados defensores de las partes, en diez y ocho de marzo del año corriente.

Abogado del recurrente: *Sr. Fernando Vázquez.*

La parte recurrida no compareció.

EL JUEZ ASOCIADO SR. MACLEARY, después de exponer los hechos anteriores, emitió la opinión del tribunal.

*Considerando:* que procede el recurso de apelación contra las sentencias definitivas y tienen el concepto de tales además de aquellas que terminan el juicio, las que recayendo sobre un incidente o artículo pongan término al pleito, haciendo imposible su continuación, según lo dispuesto en el artículo 1688 de la Ley de Enjuiciamiento Civil.

*Considerando:* que el auto de 19 de noviembre del año anterior, contra el cual se interpuso el recurso de apelación y que se limitó a negar la reposición del de 1 de octubre, que

denegó la intervención de las operaciones de recolección del café de la finca rústica, dentro del procedimiento sumarísimo de la Ley Hipotecaria, no tiene el concepto de definitivo, porque a nada pone término, ni hace imposible la continuación del pleito, por cuya razón fué bien denegada la apelación por el Tribunal de Distrito de Mayagüez.

*Considerando:* que este recurso de queja tiene por objeto la admisión o nó del recurso de apelación denegado, y si este tribunal acordase la admisión se pondría en contradicción con los artículos 175 y 176 del Reglamento de la Ley Hipotecaria, puesto que estas disposiciones previenen que no puede suspenderse dicho procedimiento, ni a instancia misma del deudor, y admitida la apelación su primer efecto sería (*) la suspensión del procedimiento, puesto que el tribunal carecería ya de jurisdicción para seguir actuando.

*Considerando:* que con negar la queja, y por ende la admisión del recurso de apelación, se cumple con la ley y no se causa perjuicio al deudor, puesto que éste tiene a su favor todos los recursos que le otorga el párrafo 9 del artículo 175 del reglamento ya citado, y hasta puede asegurar la efectividad de la sentencia que haya de dictarse en el pleito que puede iniciarse a su instancia, pidiendo en él la retención del todo o de una parte de la cantidad que por el procedimiento ejecutivo debe entregarse al ejecutante, según el párrafo 10 del referido artículo 175 de la ley mencionada.

*Se declara* sin lugar el recurso interpuesto por el Licenciado Fernando Vázquez, en representación de Don Domingo Rivera, contra el auto de 5 de diciembre de 1903 dictado por la Corte de Distrito de Mayagüez, el que se confirma con las costas a la parte recurrente; y comuníquese esta resolución a la Corte de Mayagüez para los efectos procedentes.

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Hernández, Figueras y Sulzbacher.