HERNÁNDEZ *v.* TORNABELLS & Co.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 571.—Resuelto en mayo 24, 1911.

APELACIONES DE LAS CORTES MUNICIPALES—RESOLUCIONES INAPELABLES—REVISIÓN DE ORDENES.—De acuerdo con la ley de apelaciones de las cortes municipales de marzo 11, 1908, son inapelables las resoluciones ú ordenes dictadas por una corte municipal dejando sin efecto una sentencia en rebeldía y el embargo hecho para su ejecución, denegando la reconsideración de la orden anterior y declarando nula la adjudicación de una finca subastada erróneamente, recaídas todas en un mismo pleito en el cual se dictó sentencia definitiva declarando al demandante desistido de su demanda y condenándole a pagar cierta cantidad de dinero, pues las tres órdenes relacionadas anteriormente son revisables por la corte de distrito al conocer del recurso de apelación interpuesto contra la sentencia definitiva.

TERCERÍA DE BIENES INMUEBLES—ANULACIÓN DE EMBARGO Y ADJUDICACIÓN PE-
DIDA POR EL DEMANDADO.—El procedimiento de tercería de bienes inmuebles
establecido por la ley de marzo 12 de 1908, no es de aplicación al caso en que
el mismo demandado pide, y obtiene la anulación de un embargo y adjudica-
ción erróneamente decretada, pues dicha ley se refiere a los casos en que se
embargan erróneamente bienes pertenecientes a terceros que no son parte en
el pleito.

Los hechos están expresados en la opinión.

El apelante compareció en nombre propio.

Abogado de los apelados: *Sr. Víctor P. Martínez.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del
tribunal.

Con fecha 7 de septiembre del año 1909 Agustín Hernán-
dez Mena produjo demanda ante la corte municipal de Maya-
güez contra Tornabells y Cía., liquidadores, sucesores o cau-
sahabientes, en cobro de cuatrocientos doce dollars ochenta
centavos, resto del mayor valor de un pagaré, otorgado por
la referida sociedad a la orden de José Cajigas, cuya pro-
piedad había sido transmitida al demandante; y no habiendo
comparecido en tiempo legal a contestar la demanda Camilo
Suriñach, que como liquidador de la mercantil Tornabells y
Cía. había sido emplazado personalmente, según declaración
jurada de Manuel Parra, fué anotada su rebeldía y condenado
por sentencia de 20 de septiembre citado a pagar la suma
reclamada y las costas.

Para cumplir dicha sentencia fué embargada en 18 de oc-
tubre siguiente una finca urbana de la propiedad de Torna-
bells y Cía. en liquidación.

La parte demandada por medio de moción de 1°. de no-
viembre del propio año, solicitó de la expresada corte munici-
pal dejara sin efecto la sentencia pronunciada y el embargo
hecho para su ejecución, por el fundamento de que Hernán-
dez Mena había sorprendido a la corte, alegando como funda-
mento de su acción la existencia de un pagaré, que no había
sido suscrito por Tornabells y Cía. sino por J. Tornabells y
Cía., dos personalidades enteramente distintas, con la circuns-

tancia de que el emplazamiento se había verificado por persona incapacitada para ello, o sea por un empleado del demandante.

A esa moción accedió la corte por orden de 17 de noviembre citado, de la que Hernández Mena pidió reconsideración, que fué desestimada por otra orden de 4 de diciembre siguiente, habiendo interpuesto aquél recurso de apelación contra ambas órdenes para ante la corte de distrito de Mayagüez.

Por orden de 16 del propio diciembre, la misma corte municipal declaró con lugar otra moción de la mercantil demandada, para que se declarara nula la adjudicación de la finca embargada hecha por el márshal de dicha corte en 16 de noviembre anterior a favor de Hernández Mena, quien también contra esa orden interpuso recurso de apelación para ante la corte de distrito.

Habiendo continuado el procedimiento su curso, contestó la sociedad Tornabells y Cía. la demanda interpuesta negando todos los hechos alegados en la misma, y además formuló reconvención para que al ser desestimada la demanda por sentencia, fuera condenado el demandante al pago de la cantidad de doscientos dollars como indemnización de perjuicios al demandado, con las costas y gastos necesarios del juicio, alegando al efecto, que el pagaré objeto de la acción era debido por J. Tornabells y Cía. y no por Tornabells y Cía.; que el emplazamiento no se había hecho personalmente al liquidador de Tornabells y Cía. Camilo Suriñach, no obstante haberlo así jurado el empleado del demandante Manuel Parra; que por esa razón la demanda no fué contestada oportunamente y se pronunció sentencia condenatoria en rebeldía, para cuya ejecución fué embargada una finca urbana de la propiedad de Tornabells y Cía., que no eran los obligados al pago de la deuda, sino J. Tornabells y Cía.

Señalado el día 24 de diciembre de 1909 para la vista del caso ante la corte municipal, como no compareciera el demandante, a moción del demandado, se le tuvo por desistido de la demanda; y en cuanto a la reconvención, recayó senten-

cia en 27 del mismo mes, ordenando que la sociedad deman-
dada recobre del demandante la suma de $100 en que se esti-
maban los perjuicios causados al demandado, con las costas
también a cargo del demandante Hernández Mena.

Contra la anterior sentencia interpuso Hernández Mena
recurso de apelación para ante la Corte de Distrito de Maya-
güez, la que como decisión final pronunció la que transcribi-
mos a continuación:

"Esta causa pendiente ante esta corte por apelación contra sen-
tencia de la corte municipal de Mayagüez, fué llamada para juicio en
el diez y siete de febrero, compareciendo el demandante en persona y
los demandados por su abogado Lcdo. Víctor P. Martínez.

"Discutidas previamente las órdenes del juzgado municipal anu-
lando la sentencia en rebeldía dictada en esta causa y el embargo y
venta realizados, en consecuencia de la misma, la corte resolvió que no
apareciendo que el juez municipal haya abusado de la discreción que
le confiere el artículo 140 del Código de Enjuiciamiento Civil, deben
confirmarse dichas órdenes. Discutida la orden del juzgado municipal
teniendo al demandante por desistido por incomparecencia en el día
del juicio, la corte confirmó dicha orden. Entrando en el juicio en
cuanto a la reconvención, se practicó la prueba e informaron el letrado
del demandado y el demandante. La corte reservó su decisión hasta
el día de hoy, en que declara que aunque son de observarse varias
irregularidades en la sustanciación de este pleito, son irregularidades
de forma consentidas por las partes y no impiden que se dicte sen-
tencia.

"Por tanto, la corte declara que la ley y los hechos están a favor
de la sociedad demandada y en su consecuencia ordena que la sociedad
en liquidación Tornabells y Cía. recobre del demandante Agustín
Hernández, la suma de setenta y cinco dollars y las costas de este
litigio.

"Regístrese esta sentencia en el libro correspondiente de esta corte
y líbrese copia certificada de la misma á la corte municipal de Maya-
güez para su cumplimiento.

"Dado en Mayagüez a 1 de marzo de 1910. Otto Schoenrich,
Juez del Distrito."

De la anterior sentencia y de todas y cada una de las resoluciones que en ella se consignan, interpuso Hernández Mena recurso de apelación para ante esta Corte Suprema.

La ley aprobada en 11 de marzo de 1908 para reglamentar las apelaciones contra sentencias de las cortes municipales en pleitos civiles, otorga en su sección 1ª. recurso de apelación para ante la corte de distrito del distrito judicial en que radicare la corte municipal, contra la sentencia que hubiere dictado en un asunto civil, resolviendolo definitivamente a favor del demandante o del demandado; y la misma Ley en su sección 3ª. dispone que al anunciarse la vista del recurso interpuesto, la corte de distrito, a instancia del apelante, revisará y tomará en consideración cualesquiera providencias, resoluciones o autos por los cuales se creyere aquél perjudicado, después de lo cual se procederá a la vista del pleito, enmendada en su caso la demanda o la contestación, tramitándose como nuevo juicio, para el cual regirán todas las disposiciones y reglamentos judiciales que afecten a la vista de pleitos originalmente entablados ante las cortes de distrito.

A la luz de esos preceptos legales, entendemos que contra la sentencia que pronunció la Corte Municipal de Mayagüez en 27 de diciembre del año 1909, habiendo por desistido de la demanda al demandante y condenándole a pagar la suma de cien dollars al demandado por vía de indemnización de perjuicios, procedía recurso de apelación para ante la corte del distrito judicial del mismo nombre, y que no procedió igual recurso contra las órdenes de la corte municipal expresada de 17 de noviembre de 1909, dejando sin efecto la sentencia pronunciada en rebeldía del demandado, con el embargo hecho para su ejecución, contra la otra orden de 4 de diciembre siguiente denegando la reconsideración de la primera, y contra la tercera orden de 16 del propio diciembre declarando nula la adjudicación a Hernández Mena de la finca subastada, cuyas tres órdenes, según hemos dicho, fueron apeladas para ante la Corte de Distrito de Mayagüez. Tales órdenes no eran apelables, sino revisables por dicha corte de distrito al cono-

cer del recurso de apelación interpuesto contra la sentencia definitiva pronunciada por la corte municipal, y antes de proceder a la celebración del nuevo juicio en el pleito. Consecuencia de la doctrina expuesta, es que la corte municipal de Mayagüez no perdió su jurisdicción a virtud de los recursos de apelación interpuestos contra las órdenes de que se deja hecho mérito, según alega la parte apelante, sino que conservó esa jurisdicción para continuar y decidir el caso por sentencia final, toda vez que aquellos recursos eran abiertamente improcedentes. Y la Corte de Distrito de Mayagüez procedió con razón derecha al confirmar las órdenes sometidas a su revisión, a virtud del recurso de apelación interpuesto contra la sentencia final que dictó la corte municipal, pues no aparece del récord que la corte municipal abusara de la facultad discrecional de que estaba asistida para anular la sentencia pronunciada en rebeldía, y las diligencias de embargo y adjudicación de finca urbana del demandado para cumplimiento de la sentencia. No ha sido infringido, sino que se ha aplicado debidamente al caso el artículo 140 del Código de de Enjuiciamiento Civil que cita Hernández Mena en su defensa.

Ni cabe alegar como alega la parte apelante que al dejar sin efecto la sentencia dictada en rebeldía del demandado y los autos de embargo y adjudicación, fué infringida la Ley aprobada en 12 de marzo de 1908 sobre procedimiento en los casos de tercería sobre bienes inmuebles, a que se pretende acudieran Tornabells y Cía. para defender los derechos de que estuvieran asistidos. Esa Ley no era aplicable al caso, pues la sociedad Tornabells y Cía. era la misma parte demandada en el juicio, a la que se había embargado, adjudicándose luego al demandante Hernández Mena, una finca urbana de Tornabells y Cía. para cumplir una obligación que erróneamente se les había impuesto por sentencia en rebeldía y que había sido contraída por otra sociedad distinta que no era parte en el juicio. Si este se hubiera seguido contra J. Torna-

bells y Cía. y se hubiera embargado para responder de sus resultas una casa a Tornabells y Cía., entonces hubieran podido acudir éstos a la ley citada para defender su derecho de propiedad sobre dicha casa; pero de ningún modo en el presente caso en que Tornabells y Cía. no eran terceros, sino partes en el juicio.

Nada alega Hernández Mena contra la resolución de la Corte de Distrito de Mayagüez confirmando la del juzgado municipal, que tuvo por desistido al demandante de su acción por incomparecencia en el día del juicio. Es tan terminante el precepto del artículo 192 del Código de Enjuiciamiento Civil, que no ofrece duda alguna su aplicación.

Tampoco la confirmación de la orden a que acabamos de hacer referencia causaba perjuicio alguno a Hernández Mena, pues habiendo comparecido éste personalmente en la corte de distrito, como allí había de celebrarse el juicio *de novo,* pudo pedir que se le oyera y proponer pruebas, lo que no hizo, dejando también abandonada y desnuda de probanzas la demanda interpuesta.

Invoca la parte apelante en apoyo del recurso los artículos 1182 del Código Civil y 108 de la ley de evidencia, por estimar que el demandado no ha justificado en forma alguna la reconvención alegada en su contestación. No se ha tratado de demostrarnos que la corte inferior cometió error en la apreciación de las pruebas, y habiendo examinado los elementos probatorios del caso, lejos de errónea, nos parece ajustada a los hechos y a la ley aquella apreciación.

Por las razones expuestas entendemos que procede declarar sin lugar el recurso interpuesto y confirmar la sentencia apelada que dictó la Corte de Distrito de Mayagüez en 1º. de marzo del año próximo pasado.

*Confirmada.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf y del Toro.

El Juez Asociado Sr. Aldrey no tomó parte en la resolución de este caso.