RIVERA, DEMANDANTE Y APELANTE, *v.* AYBAR, JUEZ MUNICIPAL, DEMANDADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Distrito Primero, en un recurso de *certiorari.*

No. 3053.—Resuelto en noviembre 26, 1923.

TRASLADO DE PLEITOS DE UNA A OTRA CORTE MUNICIPAL—LUGAR PARA LA CELEBRACIÓN DE LOS JUICIOS—ACCIONES PERSONALES.—Los preceptos del Código de Enjuiciamiento Civil que establecen reglas fijando el lugar en que deben verse los pleitos y los casos en que deben ser trasladados de una a otra corte de distrito, son de aplicación a las cortes municipales; por lo que, cuando el demandado en una acción personal que es de la jurisdicción de la corte municipal hace una petición formal para que el caso sea trasladado a la corte municipal de su domicilio, procede decretar el traslado.

ID.—CÓMO DEBE PEDIRSE.—La petición de traslado de un pleito cuya cuantía envuelta no excede de $100 habrá de hacerse necesariamente al contestar, pero no al excepcionar la demanda, por exigirlo así la Ley núm. 10 de 1921; si bien en la contestación pueden alegarse las excepciones que sean procedentes.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. A. L. López.*

Abogado de la parte contraria: *Sr. V. M. Fernández.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Demandado el apelante en una de las cortes municipales de San Juan para que pague la cantidad de $100 que reconoció deber como saldo de una transaccion, compare-

ció alegando excepción previa a la demanda y solicitanuo
el traslado del caso a la Corte Municipal de Caguas donde
fué citado y donde tiene su residencia, por tratarse de una
acción personal.   La corte municipal negó el traslado y en-
tonces el demandado acudió a la corte de distrito solicitando
la expedición de un auto de *certiorari* para que fuera co-
rregida esa resolución.   El auto fué librado, pero después
de haber sido oídas ambas partes la corte de distrito lo
dejó sin efecto, contra cuya resolución se ha establecido
este recurso de apelación.

El Código de Enjuiciamiento Civil, que fué promulgado
para la tramitación de los procedimientos civiles en las cor-
tes de distrito, establece en sus artículos 75 al 86, inclusive,
reglas fijando el lugar en el que deben verse los pleitos y los
casos en que deben ser trasladados a otra corte de distrito,
disposiciones que son aplicables a las cortes municipales por
haber dispuesto la sección 3ª. de la ley de 1904 reorgani-
zando el sistema judicial que todos los procedimientos ante
las cortes municipales deberán ser tramitados conforme a las
reglas y procedimientos en práctica en las cortes de distrito.
Es cierto que por haber sido promulgado el Código de En-
juiciamiento Civil para las cortes de distrito se refiere a
traslados de una corte de distrito a otra de igual categoría,
pero como dicho cuerpo legal rige también en las cortes mu-
nicipales, cuando de éstas se trata ha de entenderse que el
traslado es de una corte municipal a otra de la misma ju-
risdicción para que pueda cumplirse el precepto de que las
acciones personales, como la ejercitada en esta demanda,
deben verse en el distrito municipal donde residiere el de-
mandado al iniciarse el litigio y pueda ser trasladada a
él si se presenta en otro distrito municipal y se solicita el
traslado de acuerdo con la ley.   En acciones como la pre-
sente, que no están comprendidas en los artículos 75 y 79
de dicho código, la jurisdicción es exclusiva de la corte en
que resida el demandado, de acuerdo con el artículo 81, a

menos que haya sumisión a otra corte de igual jurisdicción, y por esto cuando el demandado hace debidamente una petición de traslado para la corte de su domicilio, el pleito debe ser trasladado.   En el caso de *Almenas* v. *Iriarte, Juez Municipal*, 29 D. P. R. 376, resolvimos en apelación de un auto inhibitorio, que a la Corte Municipal de Caguas correspondía el conocimiento del juicio y no a la de Río Piedras, donde fué presentada la demanda, por tratarse de una acción personal y tener el demandado su residencia en Caguas.

Sentado lo que precede, veamos si en este caso la petición de traslado se hizo de acuerdo con la ley.

Hemos dicho que el Código de Enjuiciamiento Civil es aplicable a las cortes municipales y de acuerdo con él la petición de traslado debe hacerse al comparecer y contestar la demanda o al formular excepciones previas a ella, pero posteriormente, el 29 de abril de 1921, se ha promulgado la ley número 10 estableciendo juicios especiales en las cortes municipales para reclamaciones que no excedan de $100, que es la cantidad que en este pleito se reclama, y según ella, presentada la demanda en la corte municipal que tenga jurisdicción sobre el asunto, el juez ordenará la citación de las partes para una comparecencia que deberá celebrarse dentro de tres días después de la citación, si el demandado reside en el distrito municipal, y dentro de 6 en los demás casos, a menos que resida fuera de esta isla, en cuya comparecencia el demandado contestará por escrito y se procederá entonces a la práctica de todas las pruebas de ambas partes en el tiempo más breve posible, pudiendo comprender la contestación cualquier reconvención o contrademanda del demandado.

Como esta ley establece una tramitación especial y distinta a la del Código de Enjuiciamiento Civil, la cuestión a resolver es si puesto que nada dice con respecto a la presentación de excepciones previas por el demandado y se li-

mita a ordenar que en la comparecencia se contestará la demanda, la petición de traslado habrá de hacerse con la contestación o si podrá hacerse formulando excepción previa, como hizo y entiende el apelante.

Es cierto que, como sostiene el apelante, el demandado citado para contestar puede presentar excepciones previas a la demanda, aunque se le cita para contestar, pero esto es así porque el artículo 105 del Código de Enjuiciamiento Civil autoriza al demandado para excepcionar la demanda o para contestarla, pero como la ley de 1921 citada establece un procedimiento especial en el que nada dice con respecto a las excepciones previas formuladas antes de la contestación y ordena que el demandado contestará en la comparecencia que haga, entendemos que no está facultado para formular excepciones previas antes de contestar y que tiene que contestar la demanda, aunque en ella alegue las excepciones que estime procedentes. Por esto, para que pudiera el demandado solicitar el traslado, tenía que acompañar a su petición una contestación, y no era suficiente presentar una alegación formulando excepciones previas a la demanda porque esta clase de alegaciones no existen en los juicios a que se refiere la ley número 10 de 1921, y por tanto en ese particular ha sido modificado el artículo 82 del Código de Enjuiciamiento Civil que permite hacer la petición formulando excepciones previas a la demanda.

La resolución apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Hutchison y Franco Soto.

El Juez Asociado Sr. Wolf disintió.

#### OPINIÓN DISIDENTE DEL JUEZ ASOCIADO SEÑOR WOLF

Quizás si técnicamente hubiera sido más correcto que yo hubiera convenido en que la sentencia de la corte inferior

al anular el *certiorari* debía ser confirmada. Sin embargo, como creo que la corte municipal carecía de jurisdicción para ordenar un traslado y como la opinión de esta corte resuelve que tal jurisdicción existía, un disentimiento parecía más lógico.

En la ley común las acciones de esta naturaleza eran transitorias y podría seguirse una acción contra un demandado donde se le encontrara. Los estatutos de la mayoría de los Estados han hecho depender la jurisdicción de la residencia del demandado, a menos que él se someta. En Puerto Rico esto se hace de acuerdo con el estatuto en cuanto a las cortes de distrito, pero dicho estatuto no es aplicable expresamente a las cortes municipales. No estoy convencido de que un estatuto que prescribe para las cortes municipales un procedimiento semejante al de las cortes de distrito pueda conferir a ellas la jurisdicción que dichas cortes municipales de otro modo no tienen. Consideraré esto con un poco de más amplitud al discutir mi punto principal.

Este punto es, asumiendo que la jurisdicción en Puerto Rico depende de la residencia de un demandado, que ningún estatuto dispone nada en cuanto a traslados de una corte municipal a otra. Dar a una corte jurisdicción mediante un traslado es una cosa. Decir como lo hace el artículo 3 de la ley de 1904, que los procedimientos en las cortes municipales deberán ser tramitados conforme a las reglas y procedimientos en práctica en las cortes de distrito es otra cosa. Este artículo a mi juicio significa claramente que el procedimiento que ha de seguirse por las cortes municipales debe ajustarse a las reglas y procedimiento después que la corte municipal adquiera jurisdicción. El estatuto no confiere ninguna nueva jurisdicción. Si la corte municipal carece de jurisdicción puede declarar tal hecho, pero la ley no le dá ninguna facultad para trasladar un caso. Los estatutos que confieren jurisdicción o facultad para or-

denar un traslado deben ser interpretados estrictamente, como lo afirma la opinión de la mayoría en este caso. No disentiría del razonamiento de la expresada opinión si estuviera conforme en cuanto al derecho de las cortes municipales para ordenar traslados.