W. J. Cox Co., Inc., peticionaria y apelante, *v.* Hon. Luis C. Trigo, Juez de la Corte Municipal de Guayama, demandado y apelado.

No. 4950.—*Sometido:* Febrero 13, 1930. *Resuelto:* Febrero 28, 1930.

*Salvador Suau* y *F. Prieto,* abogados de la apelante; *F. Beiró Rovira,* abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

En la Corte Municipal de Guayama Pedro Ortiz formuló demanda contra W. J. Cox Co. Inc., en reclamación de $141 por daños y perjuicios originados a virtud de la negligencia de un agente de la demandada que conducía cierto vehículo de motor.

Emplazada la demandada, el 20 de marzo de 1928 archivó una excepción previa acompañada de una moción solicitando el traslado del pleito al sitio de su domicilio, la ciudad de San Juan.

La parte demandante pidió de la corte en 6 de junio de 1928 que señalara la vista de la moción de traslado y de la excepción, certificando que había notificado su solicitud por correo a la demandada. Se hizo el señalamiento. No compareció la demandada. La corte hizo constar que no se le había citado, pero declaró el traslado sin lugar.

Así las cosas, cinco meses después el demandado pidió a la corte que reconsiderara su resolución alegando la falta de citación para la vista. La corte señaló la moción para verse. Tampoco compareció la demandada, pero envió un alegato escrito en apoyo de su solicitud. La corte exponiendo por escrito con amplitud sus razones, negó la reconsideración.

La demandada entonces el 23 de febrero de 1929, presentó una solicitud de *certiorari* a la corte de distrito. El auto fué expedido. El juez municipal demandado pidió a la corte que lo anulara porque la resolución de que se quejaba la peticionaria era apelable; porque los autos no habían sido debidamente certificados, y porque el propósito de la peticionaria era el de dilatar los procedimientos ya que la ley

en que basaba su solicitud de traslado a la fecha de su moción de reconsideración había sido enmendada de tal modo que su derecho al traslado quedaba irremediablemente destruído tratándose por tanto de una cuestión meramente académica. El demandado insistió en que la solicitud de traslado fué declarada sin lugar no porque la demandada dejara de comparecer a la vista señalada para oírla, sino después de considerada en sus méritos. En efecto, en los autos elevados a la corte de distrito a virtud del auto de *certiorari* aparece una resolución de junio 19, 1928, que dice:

"Sin lugar por oposición del demandante y aparecer de la demanda que el sitio de origen de la reclamación está dentro de la municipalidad de Guayama."

El 9 de marzo de 1929 la corte de distrito declaró sin lugar la petición de *certiorari*. No emitió opinión para fundar su sentencia.

No conforme la peticionaria apeló para ante este tribunal. Sólo ella formuló alegato y compareció a la vista del recurso.

Considerados todos los hechos que dejamos expuestos, no creemos que la corte de distrito abusara de su poder discrecional al negar definitivamente el *certiorari*. No estamos conociendo de una apelación en un caso ordinario, sino de una apelación en un caso de *certiorari,* y lo primero que debemos tener en cuenta es si la peticionaria presentó a la corte de distrito alguna cuestión de jurisdicción o de procedimiento en forma meritoria.

No hay cuestión de jurisdicción envuelta. La corte tenía facultad para conceder o negar, de acuerdo, por supuesto, con los hechos y la ley, el traslado.

¿Hubo error de procedimiento? El traslado se solicitó el 20 de marzo de 1928. La demandada se limitó a presentar la moción y al parecer no se cuidó más del asunto. Dos meses y medio después, en junio 6, la demandante fué la que pidió que se señalara la vista de la moción, notificando su solicitud por correo a la demandada. El señalamiento se

hizo para junio 19 y la demandada se queja de que ese señalamiento no le fué notificado.

El 20 de diciembre de 1928 o sea cerca de ocho meses después de archivada la moción de traslado y de cinco de resuelta, presentó la demandada su moción de reconsideración alegando que incidentalmente se había enterado de lo ocurrido.

Una parte que revela un abandono tal de un asunto que ella misma suscita en una corte de justicia, no debe ser amparada dentro de un procedimiento extraordinario de *certiorari*.

Suponiendo que se hubiera errado al no notificar a la demandada el señalamiento de la vista de su moción de traslado, punto sobre el cual la peticionaria apelante no aporta ley o jurisprudencia alguna, para ilustrar a esta corte en su resolución, es lo cierto que la corte municipal le dió luego una amplia oportunidad de presentar toda su argumentación y después de considerarla ratificó su anterior resolución.

Si existe apelación directa de la negativa del traslado para ante la corte de distrito, entonces el demandado voluntariamente dejó fenecer su derecho, y si no existe tal apelación directa, puede obtener que los méritos de su moción se consideren dentro de la apelación de la sentencia en caso de que ésta le sea adversa.

Se ha dicho ya varias veces por este tribunal que el hecho de que un abogado resida en un distrito distinto, no le da privilegio alguno. Si un abogado asume la responsabilidad de aceptar la dirección de un asunto que se tramita en otro distrito, debe estar preparado para cumplir con esa responsabilidad en ese distrito con la misma diligencia y en similares condiciones que lo esté en los casos que se ventilen en el distrito de su residencia.

*Debe confirmarse la sentencia apelada.*

OPINIÓN CONCURRENTE DEL JUEZ ASOCIADO SR. WOLF

En el caso de *Rivera* v. *Aybar*, 32 D.P.R. 548, 551, disentí por el fundamento de que una corte municipal no tiene autoridad o jurisdicción para ordenar el traslado de un caso a

otra corte municipal. Asumiendo que exista tal facultad, convengo con la opinión de la mayoría.