WEST INDIA OIL COMPANY, recurrente y apelante, *v.* JOSÉ SOTO SOTO, JUEZ DE LA CORTE MUNICIPAL DE CAGUAS, recurrido y apelado.

No. 5806.—*Sometido:* Junio 17, 1932. *Resuelto:* Febrero 10, 1933.

J. *Carbia*, abogado de la apelante; *A. L. López*, abogado del demandado en el pleito principal.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

West India Oil Company radicó demanda en cobro de dinero ante la Corte Municipal de Caguas, contra Pedro Vicente Pedrosa y aseguró la efectividad de la sentencia que pudiera recaer en dicho pleito, previa prestación de la correspondiente fianza, la cual fué debidamente aprobada. El demandado presentó moción a la corte municipal solicitando levantamiento de embargo y la corte, sin notificación a la parte demandante que había obtenido el embargo y sin darle la oportunidad de ser oída, decretó la anulación del mismo, luego de haber aprobado una fianza ofrecida por el demandado.

La demandante solicitó de la Corte de Distrito de Humacao la expedición de un auto de *certiorari* contra José Soto Soto, Juez Municipal de Caguas, alegando substancialmente los hechos anteriormente relatados, y la corte ordenó al secretario que expidiese un mandamiento al juez municipal para que compareciese en una fecha determinada a exponer las razones por las cuales no debía expedirse el auto solicitado. Aunque la Corte de Distrito de Humacao, al resolver la solicitud del peticionario, aparece anulando el auto expedido y

declarando sin lugar la referida solicitud, la verdad es que no consta de los documentos elevados a este tribunal que se expidiera auto alguno, ni que la Corte de Distrito de Humacao tuviese ante su consideración los autos originales radicados en la Corte Municipal de Caguas. Lo único que aparece en los autos es la siguiente orden, autorizada por Rafael Arjona Siaca, Juez de la Corte de Distrito de Humacao:

"Vista la petición jurada de *certiorari* presentada en este caso por la West India Oil Company, la corte ordena al Secretario expida un mandamiento dirigido al Hon. José Soto Soto, Juez de la Corte Municipal de Caguas, Puerto Rico, para que comparezca ante esta corte el día 1 de julio de 1931, a las nueve de la mañana, para que demuestre las causas por las cuales no deba expedirse el auto de *certiorari* solicitado."

Resulta, pues, que el auto no fué nunca expedido y que los originales del pleito promovido ante la Corte Municipal de Caguas, no han sido elevados ante este tribunal ni lo fueron tampoco ante la Corte de Distrito de Humacao. La resolución de esta última corte en que se pretende anular un auto y se declara sin lugar la petición, se basa en que el peticionario tiene un recurso adecuado de acuerdo con la sección 14 de la ley para asegurar la efectividad de sentencias que concede a la parte perjudicada el derecho de formular su protesta contra las resoluciones del tribunal, a los efectos del recurso que la ley de procedimientos le conceda contra la sentencia definitiva.

■■■ No existe derecho de apelación contra una orden anulando o negando la anulación de un embargo preventivo dictada por una corte municipal. Si en un caso como el presente no pudiese expedirse un auto de *certiorari,* la parte demandante cuyo embargo fué anulado sin ser notificada ni oída, tendría que aguardar a que se dictase sentencia definitiva para obtener la revisión de la orden dictada por la corte municipal. No existe un remedio adecuado dentro del curso ordinario de la ley. No necesita la parte demandante obtener la revisión de la orden anulando el embargo mediante

recurso de apelación contra la sentencia definitiva, si le es adversa, porque al resolverse el caso, si obtiene un fallo favorable, la sentencia, siendo firme, basta por sí sola para asegurar su efectividad desde el momento en que puede procederse inmediatamente a su ejecución. Si el embargo se dicta para asegurar la efectividad de la sentencia, una vez ésta firme, huelga el recurso preventivo, ya que éste únicamente puede proteger los derechos del demandante durante la tramitación del pleito y mientras no exista una sentencia firme que pueda ser objeto de ejecución. La corte municipal cometió un error de procedimiento, al aprobar la fianza y anular el embargo sin notificar y sin darle a la parte demandante la oportunidad de ser oída. Podría argüirse que cuando se trata de un embargo preventivo para asegurar la efectividad de una sentencia, no se oye previamente a la parte demandada, y que cuando se anula un embargo tampoco debe oírse al demandante. El caso es muy distinto. El propósito de la ley es asegurar la efectividad de la sentencia, y este propósito podría quedar frustrado si se hiciese saber al demandado con antelación que se intentaba trabar un embargo en sus bienes. La parte afectada por el embargo tiene siempre el derecho de impugnar la fianza, cuando no consta claramente en documento auténtico que la obligación es exigible, o de levantar el embargo, ofreciendo suficiente garantía al demandante. Por muchas molestias e inconvenientes que el embargo pueda producir, no hay peligro de que el demandado pueda ser burlado en sus derechos. Tiene amplia protección dentro de las disposiciones de la ley. No ocurre así al demandante, cuando a sus espaldas se anula un embargo. La fianza prestada por el demandado puede que no sea suficiente para garantizar los derechos del demandante. Puede ocurrir que el demandante pruebe a la corte que el embargo no debió haber sido anulado, y puede ocurrir también que si se decreta la anulación, sin habérsele dado la oportunidad de ser oído, cuando acuda a la corte a defender sus derechos, su actuación resulte tardía, ya porque hayan desaparecido

los bienes que antes embargara, porque hayan pasado legalmente a otra persona, o por cualquiera otra causa que le impida asegurar la efectividad de su reclamación. No debemos olvidarnos de que en virtud del embargo, el demandante ha adquirido un derecho del cual no debe ser privado sin su conocimiento y sin tener la oportunidad de defenderse. Entendemos que en este caso, según aparece de la solicitud jurada, por la peticionaria, se ha cometido un error substancial y que los procedimientos deben ser revisados por medio de *certiorari.*

Por las razones expuestas, *debe revocarse la sentencia apelada y ordenarse la devolución de los autos a la corte inferior para ulteriores procedimientos no inconsistentes con esta opinión.*

OPINIÓN DISIDENTE DEL JUEZ ASOCIADO SR. WOLF

Éste es un caso en que la corte de distrito se negó en efecto a anular por *certiorari* una orden de la Corte Municipal de Caguas. Después de practicado un embargo, la corte municipal permitió, mediante prestación de fianza, la liberación de los bienes embargados. No obstante, la corte municipal actuó sin dar al supuesto acreedor que embargó la oportunidad de ser oído. La Corte de Distrito de Humacao resolvió que la peticionaria tenía amplio remedio de apelación.

Nada encuentro en la ley que requiera que una corte municipal oiga al supuesto acreedor embargante como paso previo para admitir una fianza y levantar los bienes embargados. Sería la práctica mejor y más segura oír al acreedor, pero según indica el apelado en una moción para reconsiderar, pueden existir casos en que sea imperativa la liberación inmediata de los bienes o en que la corte se convenza fuera de toda duda de que la fianza es suficiente. Si bien deben protegerse los intereses del acreedor embargante, sostengo que la corte municipal tiene discreción. Debe demostrarse un abuso de esa discreción, o, en otras palabras, que

el acreedor quedó en realidad sin garantía. No debe surgir presunción alguna contra la corte municipal.

La corte de distrito resolvió que el remedio de apelación era adecuado. Nadie podría saber mejor que un juez de distrito si el recurso de apelación es o no rápido en cada caso particular. La apelante no me convenció en absoluto de que hubo abuso de discreción. Si la actuación de la corte municipal meramente quebrantó una regla de procedimiento, sin causar daño alguno, seguramente que una apelación bastaría. Debió haberse excluído la posibilidad de que no se infligió daño, al invocar un remedio extraordinario.