THE FEDERAL LAND BANK OF BALTIMORE, peticionario, *v.* LA CORTE DE DISTRITO DE PONCE, HON. ROBERTO H. TODD, JR., JUEZ, demandada.

No. 894.—*Sometido:* Marzo 20, 1933. *Resuelto:* Julio 14, 1933.

* NOTA: Véase el prefacio.

*E. Campos del Toro* y *S. García Díaz,* abogados del peticionario; *López de Tord & Zayas Pizarro,* abogados de los demandantes en el pleito principal.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La cuestión fundamental envuelta en este caso es la de si negada una solicitud de traslado por una corte municipal cabe o no apelar directa e inmediatamente para ante la corte de distrito correspondiente.

En la Corte Municipal de Juana Díaz se inició un pleito en reclamación de hogar seguro contra el Federal Land Bank of Baltimore. El demandado solicitó el traslado para ante la corte de su domicilio, San Juan. La petición fué negada y el demandado apeló para ante la Corte de Distrito de Ponce. Pidióle a ésta la parte demandante que desestimara el recurso por improcedente y la corte accedió por medio de una resolución que dice:

"VISTOS la Sec. 1 de la ley para reglamentar las apelaciones contra sentencias de las Cortes Municipales en pleitos civiles, aprobada el 11 de marzo de 1908, según fué enmendada por la Ley No. 2 aprobada el 14 de marzo de 1929 y los casos de Martínez vs. Rivera, 6 D. P. R. 86; Huertas vs. Juez Municipal, 6 D. P. R. 162; Alcalá del Olmo vs. Sucn. Fernández, 6 D.P.R. 217; Curbelo vs. Arrieta, 6 D. P. R. 228; Abella vs. Corte. 10 D. P. R. 226; Alsina y Morales vs. Matos, 15 D. P. R. 183 y West India Oil Co. vs. Soto, resuelto el 10 de feb. de 1933, Boletín 37 J. D. P. C., la Corte declara con lugar la moción para que se desestime la apelación en este caso interpuesta por los demandantes y como consecuencia desestima esta apelación por no ser apelable la orden denegatoria del traslado resuelta por la Corte Municipal de Juana Díaz. Comuníquese a dicha Corte y a las partes."

No conforme el demandado recurrió en *certiorari* para ante este tribunal. Cita en apoyo de su contención de que la apelación procedía, las decisiones de esta corte en los casos de *Pabón* v. *Juez Municipal de Juana Díaz,* 30 D.P.R. 474 y *Rivera* v. *Aybar, Juez Municipal,* 32 D.P.R. 548.

Hemos examinado las citas de los casos decididos por este tribunal en el primer semestre de 1904, reportados en el volumen 6 de sus decisiones, páginas 86, 162, 217 y 228 y no resuelven directamente la cuestión envuelta.

El caso de *Abella* v. *Corte de Distrito,* 10 D.P.R. 226, decidido después de la Ley de 1904 sobre reorganización judicial y antes de la Ley de 1908 que reguló las apelaciones de las cortes municipales en casos civiles, debe tomarse en consideración. En él dijo esta corte por medio de su entonces Juez Asociado Sr. Hernández:

"No encontramos en el Código de Enjuiciamiento Civil disposición alguna que determine los casos en que procede recurso de apelación de una corte municipal para ante una corte de distrito, pues el artículo 295 de dicho Código sólo trata de los casos en que podrá establecerse apelación para ante el Tribunal Supremo contra las resoluciones de las cortes de distrito, sin que en ese artículo ni en otro alguno se indique cuáles son los casos en que cabe recurso de apelación para ante las cortes de distrito contra las resoluciones de las cortes municipales.

"Ese silencio de la ley ha venido a llenarlo la regla 34 de las dictadas para las cortes de distrito, la cual sólo otorga ese recurso de apelación cuando se trata de una resolución final rendida en un pleito civil, ordenándose que el pleito así apelado se juzgará de nuevo.

"No vemos razón alguna para hacer extensivo ese recurso a las demás resoluciones que no sean finales de un pleito, pues las cortes municipales no son de registro como la Corte Suprema y las cortes de distrito, y aparejando el recurso de apelación interpuesto contra la resolución final de una corte municipal la celebración de un nuevo juicio ante la corte de distrito, los intereses de la administración de justicia así como los privados, están bien atendidos sin necesidad de que se haga extensivo el recurso de apelación a otras resoluciones interlocutorias además de las finales ya expresadas."

Y aun es más aplicable el de *Alsina y Morales* v. *Matos,* 15 D.P.R. 183, resuelto después de aprobada la ley sobre apelaciones de 1908. En él dijo esta corte por medio de su Juez Asociado Sr. Figueras:

"(*c*) No es del momento precisar si la orden de la corte municipal era o no apelable; pero fuéralo o no, el no ejercicio del de-

recho por parte de los demandantes, no les privaba del que tenían para discutir por medio de moción ante la Corte de Distrito de Ponce si se había demostrado cumplidamente que se hizo o no la notificación a su abogado Don Domingo Sepúlveda.

"Y no debe perderse de vista que el apelante sostiene que esa orden era apelable porque equivalía a una providencia especial dictada después de una sentencia definitiva y está comprendida, se dice, en el artículo 295 número 3º del Código de Enjuiciamiento Civil.

"Pero este artículo y los demás subsiguientes del capítulo 2º se refieren a las apelaciones para ante el Tribunal Supremo contra las resoluciones de las cortes de distrito y no son de aplicación a las apelaciones de las cortes municipales a las cortes de distrito."

De acuerdo con lo decidido en los casos que acabamos de citar—*Abella* v. *Corte de Distrito* y *Alsina y Morales* v. *Matos*—y con lo resuelto además en *Hernández* v. *Tornabells y Co.,* 17 D.P.R. 637, recientemente dijo esta corte por medio de su Juez Asociado Sr. Córdova Dávila en el caso de *West India Oil Co.* v. *Soto, Juez,* 44 D.P.R. 533, 535:

"No existe derecho de apelación contra una orden anulando o negando la anulación de un embargo preventivo dictada por una corte municipal."

¿Sostienen los casos invocados por el recurrente su contención?

El primero, o sea el de *Pabón* v. *Juez Municipal de Juana Díaz,* 30 D.P.R. 474, no tiene el alcance que le atribuye el recurrente. Es un recurso de *certiorari* y en él se trataba de una resolución de la corte municipal negando la apertura de una rebeldía. Apelóse de ella para ante la corte de distrito y ésta confirmó la resolución de la corte municipal porque a su juicio dicha resolución no era apelable. Expuestos esos hechos dijo esta Corte Suprema por medio de su Juez Asociado Sr. Franco Soto:

"No aparece que el demandado estableciera recurso de apelación contra esta última decisión de la corte de distrito para ante esta corte para así haber puesto en tela de juicio y comprobar la suficiencia del fundamento legal que tuvo la Corte de Ponce para de-

clarar que la resolución denegando la apertura de la rebeldía no era apelable.

"Por razón de la materia o cuantía del pleito original el demandado tuvo la oportunidad para presentar la apelación ante esta corte; la reclamación del demandante excedía de $300 lo que no hacía final la resolución de la Corte de Distrito de Ponce y estuvo a la disposición del demandado la vía expedita para probar la suficiencia de aquella resolución interponiendo una segunda apelación para ante esta corte. Si sostuviéramos que la resolución de la corte de distrito en apelación de la corte municipal denegando la apertura de una rebeldía es apelable, entonces habíamos de llegar a la conclusión que el demandado había tenido a su alcance el recurso ordinario de apelación. Y a esta conclusión es que hemos llegado. Porque sea o no apelable la orden de la corte municipal denegando la apertura de la rebeldía, es lo cierto que la resolución de la corte de distrito, en apelación de aquella orden, era apelable por tratarse de una sentencia final, y para mejor ilustración de este caso hacemos referencia a la doctrina ya sentada por esta corte en el caso de Hernaiz Targa & Co. v. Vivas, 20 D.P.R. 106."

Resta sólo considerar el caso de *Rivera* v. *Aybar, Juez Municipal,* 32 D.P.R. 548. En él dijo esta corte, por medio de su Juez Asociado Sr. Aldrey:

"El Código de Enjuiciamiento Civil, que fué promulgado para la tramitación de los procedimientos civiles en las cortes de distrito, establece en sus artículos 75 al 86, inclusive, reglas fijando el lugar en el que deben verse los pleitos y los casos en que deben ser trasladados a otra corte de distrito, disposiciones que son aplicables a las cortes municipales por haber dispuesto la sección 3ª de la ley de 1904 reorganizando el sistema judicial que todos los procedimientos ante las cortes municipales deberán ser tramitados conforme a las reglas y procedimientos en práctica en las cortes de distrito. Es cierto que por haber sido promulgado el Código de Enjuiciamiento Civil para las cortes de distrito se refiere a traslados de una corte de distrito a otra de igual categoría, pero como dicho cuerpo legal rige también en las cortes municipales, cuando de éstas se trata ha de entenderse que el traslado es de una corte municipal a otra de la misma jurisdicción para que pueda cumplirse el precepto de que las acciones personales, como la ejercitada en esta demanda, deben verse en el distrito municipal donde residiere el demandado al ini-

ciarse el litigio y pueda ser trasladada a él si se presenta en otro distrito municipal y se solicita el traslado de acuerdo con la ley.''

Como puede verse, nada expresamente se decide sobre la materia de apelaciones. Se consideraron aplicables las reglas del Código de Enjuiciamiento Civil sobre traslados, a virtud de lo dispuesto en la sección 3 de la ley de 1904 sobre reorganización judicial, a saber:

''. . . y todos los procedimientos ante dichas Cortes Municipales deberán ser tramitados conforme a las reglas y procedimientos en práctica en las Cortes de Distrito.''

Y si se tiene en cuenta que con posterioridad a la ley de 1904 se dictó la especial sobre apelaciones de 1908 y que una apelación de una sentencia o resolución de una corte municipal no es quizá un procedimiento ante la corte municipal, se verá que tampoco tiene el alcance que le atribuye el recurrente el caso de *Rivera* v. *Aybar,* supra, a los efectos de sostener su contención.

Siendo ése el estado de la ley y el de la jurisprudencia y tratándose de un recurso estatutario, opinamos que estuvo acertada la corte de distrito al desestimar por improcedente la apelación establecida.

*Debe anularse el auto expedido y devolverse el expediente a la corte de distrito de su origen a los fines procedentes.*

El Juez Asociado Señor Wolf está conforme con el resultado.