MONAGAS, DEMANDANTE Y APELADO, *v.* RIVERA ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en un procedimiento de *injunction.* Moción para desestimar la apelación.

No. 3240.—Resuelto en enero 31, 1924.

DESESTIMACIÓN DE APELACIÓN—EXCEPCIÓN PREVIA—RESOLUCIÓN NO APELABLE.— El hecho de que en la súplica de un escrito interponiendo excepción previa contra una demanda de *injunction* que originó una orden de entredicho se pida la anulación de ésta, no da el carácter de apelable a una resolución que declaró sin lugar la excepción previa y concedió término al demandado para contestar. Tal resolución no está comprendida en el párrafo 3 del artículo 295 del Código de Enjuiciamiento Civil, por lo cual procede desestimar la apelación que contra ella se estableció.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. H. F. Besosa.*

Abogado del apelado: *Sr. J. Sabater.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

Solicita la parte apelada la desestimación del recurso porque la orden recurrida no es apelable.

Los autos demuestran que en la Corte de Distrito de Mayagüez se radicó una demanda titulada de *injunction.* Emplazados los demandados comparecieron y archivaron un escrito que dice:

"Comparecen los demandados, J. Rivera Cabrera, Márshal de la Corte de Distrito de San Juan, Distrito 1º., y la Simmon's Hardware Company, por medio de su abogado, Harry F. Besosa, ante esta Honorable Corte y respetuosamente interponen ésta su excepción previa a la demanda de *Injunction,* por el siguiente motivo:

" 'Que esta Hon. Corte no tiene jurisdicción sobre las personas y la materia de la acción.'

"Por tales razones expuestas, previo los trámites legales, se suplica a esta Hon. Corte declare con lugar la excepción previa de falta de jurisdicción y en su consecuencia desestime la demanda de *injunction,* anulando la orden de entre-dicho dictada con fecha

22 de enero de 1923, condenando al demandante al pago de· cos tas, gastos y honorarios de abogado.''

Dicho escrito fué resuelto por la corte por medio de una orden fundada cuya parte dispositiva expresa:

''POR TANTO: La corte declara sin lugar la excepción previa aducida a la demanda o solicitud y concede *veinte días* al demandado para contestar la demanda.''

Y contra esa resolución de la corte interpusieron los demandados el recurso cuya desestimación se pide.

Es tan claro que no se puede apelar de una orden declarando sin lugar una excepción previa y concediendo a la parte un término para contestar la demanda, que la misma parte apelante lo admite, pero sostiene que existe aquí el recurso porque la ley,—artículo 295 del Código de Enjuiciamiento Civil, párrafo 3,—otorga el derecho de apelar de una providencia ''concediendo o anulando un *injunction*, negándose a conceder o a anular un *injunction*'' y en este caso la resolución apelada tiene el efecto de una negación a anular un *injunction*.

No estamos conformes. La alegación presentada fué una excepción previa. La orden recurrida se limitó a declararla sin lugar concediendo a la parte demandada diez días para contestar la demanda. A menos que la parte renuncie la oportunidad y pida que se dicte sentencia, los procedimientos quedan abiertos en la corte de distrito y por lo tanto no ha llegado el momento en que deban elevarse para su revisión a la Corte Suprema.

Es cierto que en la súplica del escrito de excepción previa se pide que sea anulada cierta orden de entredicho dictada el 22 de enero de 1923. En el cuerpo del escrito no se hace referencia al entredicho. La orden no aparece de los autos. La naturaleza del escrito es claramente de una alegación formulando una excepción previa y así fué entendido y resuelto por la corte. La resolución de la corte no está

comprendida en el· párrafo 3 del artículo 295 del Código de Enjuiciamiento Civil pues no concede ni anula, ni se niega a conceder o a anular un *injunction.*

Debe desestimarse el recurso.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no tomó parte en la resolución de este caso.