Banco Territorial y Agrícola de Puerto Rico, demandante y apelante, *v.* J. M. Astor y Osvaldo Padilla, demandados-apelados y Jaime Barceló, querellado-apelado.

No. 5071.—*Sometido:* Abril 11, 1930. *Resuelto:* Abril 29, 1930.

*E. Martínez Avilés,* abogado del apelante; *A. Lens Cuena* y *Francisco M. Susoni,* abogados del querellado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

El Banco Territorial y Agrícola demandó en una corte municipal a J. M. Astor y a Osvaldo Padilla para que solidariamente le pagasen cierta cantidad de dinero. Dictada sentencia condenatoria contra J. M. Astor se trató de ejecutarla en el embargo que le fué hecho del sueldo que disfrutaba en la casa comercial de Barceló y Ca., S. en C., y habiéndose negado esa mercantil a entregar el sueldo embargado su gestor Jaime Barceló fué citado por desacato a la corte, la que después declaró no existir tal desacato. De esta resolución apeló el banco para ante la Corte de Distrito de Arecibo la que decidió que tal resolución de la corte municipal no es apelable y que carecía de jurisdicción para resolverla,

siendo interpuesta esta apelación en la que no ha comparecido la parte apelada.

Los motivos alegados por el banco para que revoquemos la resolución de la corte de distrito son dos, a saber: que la corte inferior cometió error al declararse sin jurisdicción para conocer del caso, y al resolver que no se podía apelar de una sentencia absolutoria en un caso de desacato civil. En realidad esos dos motivos se reducen a uno: el de si es apelable la resolución dictada por la corte municipal negándose a castigar por desacato en este pleito.

El derecho de apelación es estatutorio y según la sección primera de la Ley de 11 de marzo de 1908 dictada para reglamentar las apelaciones contra sentencias de las cortes municipales en pleitos civiles, según quedó enmendada por la Ley No. 13 de 14 de noviembre de 1917, página 225, cuando una corte municipal hubiere dictado sentencia en un asunto civil resolviéndolo definitivamente, cualquiera de las partes que se creyere perjudicada podrá interponer recurso de apelación para ante la corte de distrito del distrito judicial en que radicare la corte municipal. La ley sólo concede recurso de apelación de las cortes municipales contra las sentencias definitivas que dicten resolviendo los asuntos civiles de que conozcan; y en este caso no se trata de apelación de la sentencia definitiva que resolvió el pleito sino de una providencia dictada después de ella como consecuencia de una petición de castigo por desacato, por lo que tal resolución no es apelable, careciendo, por tanto, la corte de distrito de jurisdicción para resolverla. Cuando la ley ha querido conceder apelación contra una providencia especial dictada después de sentencia lo ha hecho expresamente, como lo ha determinado en el No. 3º. del artículo 295 del Código de Enjuiciamiento Civil con respecto a asuntos en las cortes de distrito.

Dice el apelante que su apelación es procedente porque no es la sección primera antes citada la aplicable sino el artículo 294 del Código de Enjuiciamiento Civil el que le

concede la apelación, por disponer que cualquier parte agraviada por una resolución judicial podrá apelar en los casos previstos en ese código. Ese precepto es de carácter general y subordinado, como se desprende de sus palabras, a los casos en que el mismo código provea o especifique las resoluciones apelables, y no puede servir de fundamento para la apelación en este caso.

También dice el apelante, citando el caso de *Rivera* v. *Aybar, Juez Municipal,* 32 D.P.R. 548, que su apelación contra la resolución dictada después de la sentencia es procedente de acuerdo con el No. 3°. del artículo 295 del Código de Enjuiciamiento Civil por ser aplicable a las cortes municipales las disposiciones establecidas en dicho código para las cortes de distrito. El caso citado no es de aplicación al presente, pues en él se hizo aplicación a la corte municipal de la materia de traslado que rige para las cortes de distrito porque para aquéllas no existe ley que expresamente disponga sobre tales traslados, mientras que en apelaciones en las cortes municipales la ley sólo la ha concedido contra las sentencias. El otro caso que se cita de *Lawton* v. *Rodríguez Rivera,* 38 D.P.R. 55, tampoco tiene relación con el presente porque la resolución dictada después de sentencia que fué objeto de la apelación recayó en una corte de distrito.

*Por lo expuesto la resolución apelada debe ser confirmada.*

El Juez Asociado Señor Wolf está conforme con el resultado.