Costa & Santini, Sucr., Inc., demandante y apelada, *v.* Antonio Suliveres, demandado y apelante.

No. 5647.—*Sometido:* Mayo 5, 1932. *Resuelto:* Marzo 17, 1933.

*A. Suliveres,* abogado del apelante; *R. Buscaglia,* abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Costa & Santini, Sucr., Inc., demandó a Antonio Suliveres en reclamación de $2,244.75. Alegó que allá por el mes de mayo de 1920 el demandado compró a crédito a Costa & Santini, una partida de abonos para ser utilizados en sus plantaciones de cañas, suscribiendo y entregándoles para el pago de la misma un pagaré que se transcribe en la demanda por $1,486.65, con intereses al 9 por ciento anual en caso de mora, a vencer el 27 de mayo de 1921; que liquidados los intereses hasta la fecha de la demanda—febrero 18, 1927—ascendían a $758.09, y que tanto Costa & Santini originalmente como los demandantes que son sus cesionarios y liquidadores han venido realizando gestiones de cobro cerca del deudor demandado; haciendo éste promesas de pago que no ha cumplido en todo ni en parte.

La demanda se archivó en febrero 21, 1927. En mayo 15, 1929, compareció la demandante ante la corte y expuso que radicado el pleito en febrero 18, 1927 se expidió en esa misma fecha el correspondiente emplazamiento dirigido al demandado, que según su información y creencia el emplazamiento

fué notificado personalmente al demandado que dejó de comparecer, pero al revisar el expediente para solicitar la anotación de rebeldía se ha encontrado que no aparece devuelto el dicho emplazamiento original, habiendo llegado a la conclusión de su extravío dado el resultado negativo de sus pesquisas para encontrarlo. Pidió a la corte que expidiera un "duplicado de dicho emplazamiento para ser servido ahora al demandado."

Basándose en los hechos alegados en la moción, esto es, "apareciendo que fué expedido en este caso emplazamiento al demandado con fecha de la radicación de la demanda", la corte ordenó que "se emplace nuevamente al demandado para que comparezca a contestar las alegaciones de la demanda". La orden se dictó en junio 28, 1929.

Sigue luego en la transcripción el emplazamiento expedido y su diligenciado en el que el Márshal de la Corte de Distrito de Arecibo hace constar que recibió el emplazamiento en julio 22, 1929 y lo notificó personalmente al demandado con copia del mismo y de la demanda en julio 23, 1929.

Así las cosas, en agosto 10, 1929 compareció el demandado solicitando a la corte que declarara nulos el emplazamiento y su diligenciado, y desestimara la demanda con costas a la demandante.

Para fundar su solicitud alegó que el emplazamiento en el pleito por negligencia inexcusable de la demandante no se expidió hasta dos años cuatro meses después de radicada la demanda, cuando ya no podía expedirse de acuerdo con el artículo 88 del Código de Enjuiciamiento Civil y la jurisprudencia establecida en *Sucesión Chavier* v. *Sucesión Giráldez,* 15 D.P.R. 154, y la jurisprudencia de California que se cita en el mismo.

Oyó la corte a ambas partes y en octubre 15, 1929, dictó la siguiente resolución:

"Se trata en este caso de una moción que radica el demandado interesando la nulidad de citación y la desestimación de la demanda, por haber transcurrido más de un año de haber sido radicada dicha

demanda, y no haber sido emplazado. Se funda para ello en lo que dispone el artículo 88 del Código de Enjuiciamiento Civil y nos cita en apoyo de su teoría, la jurisprudencia del Tribunal Supremo en el caso Sucesión Chavier v. Sucesión Giráldez, 15 D.P.R. 162. Tal parece que el demandado tiene razón. Sin embargo, de los autos del caso aparece que con fecha 28 de junio de 1929 esta misma corte dictó una orden en la que se dice que 'apareciendo que fué expedido en este caso emplazamiento al demandado con fecha de la radicación de la demanda, el cual parece haberse extraviado, esta Corte ordena se emplace nuevamente al demandado para que comparezca a contestar las alegaciones de la demanda.' Indiscutiblemente que la Corte tuvo en mente, cuando dictó esta orden, el artículo 90 del Código de Enjuiciamiento Civil, y si esto es así, no se trata entonces de un emplazamiento original, sino de una copia del que se expidió cuando se radicó la demanda, a virtud de haberse extraviado cuando se expidieron los emplazamientos originales. No creemos aplicable la ley y jurisprudencia que se nos cita, por lo que se desestima la moción del demandado, a quien se concede un término de diez días después de notificado de la presente resolución, para alegar en derecho contra la demanda.—Notifíquese.''

En diciembre 2, 1929, la demandante presentó una demanda enmendada sustancialmente igual a la original, sólo que además de decirse en general que se habían realizado gestiones de cobro, se especifica: ''Que las gestiones de cobro y promesas de pago relacionadas en la alegación anterior de esta demanda hechas por la demandante con anterioridad a la radicación de la demanda, se refieren especialmente a las fechas de julio y agosto de 1923, y de los meses de diciembre de 1924 y enero de 1925.''

La demanda enmendada se notificó por correo al demandado. Y éste en diciembre 10, 1929, formuló contra ella la siguiente excepción:

''El demandado establece a la demanda enmendada del caso arriba expresado la siguiente EXCEPCIÓN PREVIA.

''Que la demanda no aduce hechos bastantes para determinar una causa de acción.

''SOLICITAMOS: Que la Hon. Corte previo los trámites de ley, se sirva declarar con lugar esta excepción previa con costas a los demandantes.''

Algunos días después la excepción fué declarada por la corte sin lugar y el demandado en febrero 26, 1930, contestó, en resumen, como sigue:

Aceptó prácticamente las alegaciones relativas a la descripción de las partes y al contrato sobre abonos y suscripción del pagaré, alegando como defensa especial que en julio 19, 1923, la demandante solicitó del demandado que formulara por escrito la proposición verbal que había hecho sobre pago de la obligación transcrita en la demanda; que así lo hizo el demandado en agosto 2, 1923, proponiendo solventarla a razón de cien dólares cada año, sin intereses, ofreciendo además que la demandante lo utilizara como abogado en Arecibo abonando el importe de sus servicios como tal al pago de su deuda; que en agosto 3, 1923, la demandante le escribió aceptando; que contestó expresando que a serle posible efectuaría el primer pago de cien dólares aquel año o el siguiente, 1924; que en diciembre de 1924 recibió una carta de los abogados de la demandante diciéndole que tenían en su poder el pagaré para su cobro por la vía judicial, faltando así a lo convenido pues no había vencido el plazo para el pago del primer plazo de cien dólares.

Aceptó las gestiones de cobro y promesas de pago de julio y agosto de 1923, pero negó que se hiciesen en diciembre 1924 y enero 1925, y como defensa especial sostuvo que desde agosto 1923 no ha sido requerido de pago ni prometido pagar, contestando a la notificación de los abogados de la demandante de diciembre 1924 que era un error cobrarle el pagaré por haber sido novada la obligación a virtud del convenio de su pago a razón de cien dólares anuales sin intereses.

Como otras defensas especiales alegó que era nula la orden de citación de junio 28, 1929 por haber sido expedida dos años cuatro meses después de radicada la demanda, y que la acción ejercitada por la demandante para el cobro del pagaré había prescrito, por tratarse de una obligación mercantil, según los artículos 2, 532 y 950 del Código de Comercio, y haber transcurrido más de tres años desde agosto 3, 1923 en que se

reconoció la obligación y fué novada hasta febrero 1927 en que la demanda se interpuso.

Trabada así la contienda, se señaló la vista del pleito para julio 2, 1930. Pidió la suspensión el demandado por no haber recibido la notificación hasta el treinta de mayo y serle imposible preparar su prueba en tan corto tiempo, teniendo que citar "varios testigos residentes en San Juan, cuyos domicilios tenemos que investigar por sernos desconocidos." No accedió la corte por no aparecer de la moción ni constar en ella requisito alguno de los señalados en el artículo 202 del Código de Enjuiciamiento Civil, y el juicio se celebró en ausencia del demandado.

La prueba de la demandante consistió en las declaraciones de José A. Negrón y Héctor Cestero. El primero es empleado de la demandante desde 1924. Costa & Santini era una mercantil formada por Nicolás Santini y Antonio Costa, dedicada a la fabricación y venta de abono químico. El pagaré de que se trata le fué endosado a la demandante que se hizo cargo del activo y pasivo de Costa & Santini, está en su poder y no ha sido pagado, ni principal ni intereses. Sabe de gestiones hechas para su cobro en 1924. El demandado prometió pagarlo a cien dólares mensuales y no cumplió su **promesa. Por eso se le demandó.** El segundo es agente vendedor de la demandante. Se entiende con los cobros. Tiene obligación de hacer un informe escrito cada vez que ve a un deudor. Vió al demandado en mayo 31, 1929. "Él admitió que nos debía la cuenta, pero que no había podido pagarla debido a su condición económica, y me dijo que le propuso a la casa que él estaría dispuesto, de sus honorarios, abonarle el setenta y cinco por ciento de su comisión a la cuenta."

En agosto 18, 1930, la corte de distrito dictó sentencia declarando la demanda con lugar condenando al demandado a pagar a la demandante la cantidad de $1,486.75, intereses y costas.

No conforme el demandado apeló para ante este tribunal. Señala en su alegato la comisión de siete errores. Los tres

primeros versan sobre la nulidad del emplazamiento y el cuarto sobre la petición de suspensión del juicio. Por el quinto se sostiene que la corte erró al declarar que el pagaré se encontraba en poder de la demandante y por el sexto que erró también al no declarar la acción prescrita. El séptimo señalamiento imputa el error general cometido por la corte a juicio del apelante al dictar sentencia en favor de la demandante.

██ ██ Al impugnar los tres primeros errores sostiene la parte apelada que la parte apelante renunció a la cuestión que sobre el emplazamiento levantara al comparecer luego de resuelta y formular como formuló una excepción previa.

La cuestión que así se suscita es verdaderamente interesante. En 4 C. J. 1365, se encuentra resumida la jurisprudencia que consideramos aplicable, así:

"En algunas jurisdicciones se ha resuelto que cuando un demandado comparece especialmente para oponerse a la jurisdicción, y su objeción es declarada sin lugar, debe elegir entre sostener su objeción o entrar en los méritos, y, si entra en los méritos del caso, renuncia a su objeción. Sin embargo, esta regla es condicional, como cuando la comparecencia no es voluntaria o como cuando existe una estipulación concediendo permiso al demandado para que comparezca. Pero en muchas otras jurisdicciones y según un razonamiento que parece ser más correcto, se ha resuelto que un demandado no pierde el beneficio de su ataque a la jurisdicción contestando posteriormente y entrando en los méritos del caso, siempre que se reserve su objeción, obtenga una resolución a la misma y se anote una excepción a tal resolución. Más aún en los sitios en que prevalece esta regla, si un demandado va más allá de lo que de ordinario se le exige para impugnar el recurso en sus méritos y se convierte en parte actora en el procedimiento, radicando una contrademanda o reconvención y solicitando un remedio afirmativo a su favor, entonces renuncia a la cuestión de jurisdicción personal."

La regla primera está sostenida por decisiones de Alabama, California, Colorado, District of Columbia, Florida, Idaho, Illinois, Iowa, Michigan, Missouri, Nebraska, North Dakota, Oregon, South Carolina y Wisconsin. Citaremos una

de California, *In re Clarke,* 125 Cal. 388, 392, y de ella el siguiente párrafo de la opinión de la corte emitida por el Juez Temple:

"Por regla general uno no puede aprovecharse del beneficio de ser parte en un litigio y escapar las responsabilidades. Algunos de los primeros casos resueltos en este estado (Deidesheimer v. Brown, 8 Cal. 340, y Lyman v. Milton, 44 Cal. 631) parecen resolver que un demandado que ataca la forma en que fué emplazado, si su objeción es declarada sin lugar, puede contestar a los méritos del caso y en la apelación contra la sentencia puede valerse de las objeciones puestas por él a la jurisdicción de la corte. Esta regla parece injusta e ilógica y creo no prevalece en ningún otro sitio. Ella da al demandado cuyas objeciones a la jurisdicción de la corte han sido erróneamente declaradas sin lugar, la oportunidad de ir a juicio y si la sentencia le es favorable acatarla, mientras que si le es desfavorable puede obtener su revocación. La parte demandante no tendría tal beneficio. ¿En qué condición se hallaría tal demandado luego de una revocación? Si la revocación significa que él no es parte en el litigio, entonces puede solicitar que se desestime el recurso de conformidad con la sección 581. Si meramente le concede un nuevo juicio, el procedimiento parecería una farsa."

La segunda está sostenida por decisiones de la Corte Suprema de los Estados Unidos y algunas cortes federales y de los estados de Arizona, Indiana, Kansas, Kentucky, Massachusetts, Minnesota, Montana, New York, North Carolina, Ohio, Oklahoma, Rhode Island, South Dakota, Washington y West Virginia. Citaremos dos párrafos del caso de *Southern Pacific Co.* v. *Denton,* 146 U. S. 202, 206 de la opinión emitida por el Juez Gray:

"Podría asumirse que la exención de ser demandada en cualquier otro distrito podría ser renunciada por la corporación, compareciendo generalmente o contestando a los méritos del caso sin oponerse primeramente a la jurisdicción de la corte. St. Louis & San Francisco Railway v. McBride, 141 U. S. 127; Texas & Pacific Railway v. Cox, 145 U. S. 593.

"Mas en el presente caso no hubo tal renuncia. Siendo la falta de jurisdicción aparente de la faz de la petición, ella podría suscitarse mediante excepción previa y no era necesario radicar moción

alguna para dilatar los procedimientos. Coal Co. v. Blatchford, 11 Wall. 172. La parte demandada radicó una excepción previa con el solo y único fin de atacar la jurisdicción; y tan solo después de declararse sin lugar la excepción previa, y de haberse la demandada anotado una excepción a la resolución de la corte, fué que se radicó una contestación sobre los méritos. Ni la comparecencia especial con el objeto de atacar la jurisdicción de la corte, ni la contestación a los méritos después de declararse sin lugar la objeción equivalió a una renuncia de la objeción. El caso cae dentro de los principios enunciados en el de Harkness v. Hyde, en el cual el Juez Asociado Sr. Field, como portavoz de la corte dijo: 'La ilegalidad de un procedimiento mediante el cual se adquiere jurisdicción no se renuncia en ningún caso mediante la comparecencia de la parte demandada con el propósito de llamar la atención de la corte a tal irregularidad; tampoco se renuncia a la objeción cuando insistiéndose en ella se le declara sin lugar y en su consecuencia la parte demandada se ve compelida a contestar. No se le considera como que ha abandonado su objeción, toda vez que él no se somete a ulteriores procedimientos sin impugnarlos. Tan solo cuando en primera instancia se va a los méritos del caso, sin insistir en su ilegalidad es que se considera renunciada la objeción.' 98 U. S. 476, 479.''

Nos damos cuenta de la fuerza del razonamiento de la decisión de California, pero nos sentimos obligados a seguir el rumbo que marca la jurisprudencia de la Corte Suprema de los Estados Unidos. Pero aun así, estimamos que dados los hechos de este caso, debe considerarse renunciada por el demandado la objeción, porque el demandado fué a los méritos del mismo sin insistir en la ilegalidad del emplazamiento. Sabemos que el 2 de diciembre de 1929, más de dos meses después de haberse resuelto en contra del demandado su petición de nulidad del emplazamiento, la demandante presentó una demanda enmendada que se notificó por correo al demandado, y sabemos también que éste, el 10 de diciembre de 1929, formuló contra ella la excepción previa que transcribimos, pidiendo a la corte que juzgando la demanda por sus propios hechos, esto es, la contención de la demandante por sus propios méritos, decidiera que no había causa de acción y condenara en costas a la demandante. No se hizo reserva

alguna. Lisa y llanamente se entró en el fondo del litigio. Fué el 26 de febrero siguiente, más de dos meses después, que el demandado, declarada sin lugar su excepción, contestó y en su contestación levantó de nuevo como una de sus defensas la cuestión de la nulidad del emplazamiento. Era ya demasiado tarde. Por su propia voluntad se había sometido a la jurisdicción de la corte, y no podía volver sobre sus propios actos.

Pero aunque no fuera así, creemos que existirían siempre razones bastantes para decidir que no fué errónea la resolución de la corte de distrito permitiendo el emplazamiento del demandado después de transcurrido un año de archivada en la secretaría de la corte la demanda.

■ La ley aplicable está contenida en el artículo 88 del Código de Enjuiciamiento Civil que dice:

"Artículo 88. El secretario hará constar al dorso de la demanda el día, mes y año de la presentación, y en cualquier tiempo dentro de un año después de aquélla, el demandante puede obtener que se expida la citación; y si la acción se promoviere contra dos o más demandados con residencia en diferentes distritos, el demandante puede obtener que se expida la citación para cada uno de dichos distritos. Pero en cualquier tiempo dentro del año después de presentada la demanda, el demandado puede darse por citado por medio de escrito, o mediante su comparecencia, contestando o alegando excepción dilatoria contra dicha demanda; o si la acción se promoviere sobre un contrato del que resultaren dos o más demandados, y uno de éstos hubiere hecho su comparecencia dentro del año, la citación puede hacerse al otro u otros, o pueden éstos comparecer en cualquier tiempo antes del juicio."

Resumiendo la jurisprudencia sobre la materia dice Corpus Juris:

"No es necesario que la demanda sea radicada y que se libre el emplazamiento de consuno; y en aquellas jurisdicciones en que los estatutos no proveen el término en que deba expedirse el emplazamiento, éste puede librarse en cualquier momento. Mas en la jurisdicción en que los códigos o los estatutos proveen que la citación ha de expedirse dentro de determinado período de tiempo después de archivarse la demanda, ésta debe ser expedida dentro de tal lí-

mite de tiempo, a menos que el código o la disposición estatutaria sea directiva o de que se obtenga una orden de la corte para la expedición del emplazamiento; y está dentro de la discreción de la corte conceder o negar la expedición de un emplazamiento después de una larga demora o de haber expirado el período prescrito por el estatuto." 50 C. J. 451.

Para sostener su texto de que en las jurisdicciones en que el estatuto fija un término para expedir el emplazamiento, debe éste librarse dentro del término marcado, cita Corpus Juris la jurisprudencia de California, y para basar el texto que le sigue "a menos que el código o la disposición estatutaria sea directiva", invoca la jurisprudencia de Puerto Rico.

La jurisprudencia de California se resume en 21 Cal. Jur. 492, como sigue:

*"Efecto de la dilación.* Como se ha visto por otros artículos de esta obra, se impone a la corte sentenciadora el deber imperativo de desestimar un procedimiento cuando el emplazamiento no ha sido librado dentro de un año o diligenciado y devuelto dentro de los tres años. Las únicas excepciones a esta regla ocurren en casos en que la parte demandada hace una comparecencia voluntaria dentro de los tres años—fuera de ciertas acciones relativas a bienes muebles e inmuebles—en que la parte demandada se halla ausente o se ha ocultado con el propósito de evadir la notificación. Aunque existe el deber imperativo de parte de la corte de desestimar el procedimiento cuando ha habido una demora por el período estatutario, sin embargo, la corte tiene la facultad discrecional, de acuerdo con el estatuto, para desestimar por haber mediado una demora irrazonable, aunque tal demora sea menor que la mencionada en el estatuto. La disposición del código relativa a desestimaciones no es aplicable, sin embargo, al libramiento, notificación y diligenciamiento del emplazamiento de una contrademanda."

La regla es rígida y se comprende que así sea porque en California no sólo existe un precepto similar al artículo 88 de nuestro Código de Enjuiciamiento Civil, si que su Código de Enjuiciamiento Civil contiene además el artículo 581a que, copiado a la letra en lo pertinente, ordena:

"Ningún pleito ya iniciado o que en lo sucesivo se iniciare será proseguido, y no habrá ulteriores procedimientos en el mismo, y

todos los procedimientos incoados o que se incoen en lo sucesivo deberán ser desestimados por la corte en que los mismos hayan sido instituídos; *motu proprio*, o mediante moción de cualquiera de las partes interesadas en los mismos, ora figuren en la demanda como parte o no, a menos que el emplazamiento haya sido librado dentro del año, y tales procedimientos deberán ser igualmente desestimados a menos que el emplazamiento sea diligenciado y devuelto dentro de los tres años después de incoado dicho procedimiento.'' Fairall's Code of Civil Procedure, Part One, Pág. 630, párr. 581a.

La jurisprudencia de Puerto Rico en que basó su texto Corpus Juris, quedó establecida en el caso de *Sucesión Chavier* v. *Sucesión Giráldez*, 15 D.P.R. 154. La opinión de la Corte fué emitida por su Juez Asociado Sr. MacLeary.

Después de revisarse la jurisprudencia de California, se transcribe íntegro en la opinión el artículo 88 de nuestro Código de Enjuiciamiento Civil, supra, y se dice:

''Parece deducirse del uso de la palabra *puede* en lugar de *debe*, al hablar de la expedición de la citación, que no es un precepto de carácter imperativo el que exige al demandante obtener la expedición de la citación, sino simplemente de carácter directivo. (Consúltense los casos de Medbury v. Swan, 46 N. Y. 200; People v. Syracuse, 128 N. Y. 632; 29 N. E. Rep. 146.) Y además, no se establece pena alguna por incumplimiento de esta ley, que deja ampliamente, a la discreción del tribunal, la facultad de exigir su cumplimiento con arreglo a otras disposiciones legales.''

Se continúa estudiando la jurisprudencia y los hechos del caso y circunstancias concurrentes en el mismo y casi al final de la opinión, se repite:

''Los derechos que las disposiciones del artículo 88 del Código de Enjuiciamiento Civil establecen en favor de cada una de las partes, según sus propios términos, son derechos *sustanciales* y deben merecer la protección de los tribunales siempre que en forma propia se sometan a su consideración. Pero es el caso que ese artículo no exige que la citación se expida dentro de un año, toda vez que la palabra *puede* no es equivalente a la palabra *debe* a los efectos de dicho artículo.''

Los hechos del caso de Sucesión Chavier no son iguales a

los del presente, pero la regla de que la disposición del artículo 88 del Código es directiva y no mandatoria quedó tan clara y firmemente establecida que puede y creemos que debe aplicarse a este caso para resolverlo.

Es cierto que penetrando en los motivos que tuvo la corte de distrito para actuar en la forma en que lo hizo encontramos que ella dudó de sus facultades con el solo precepto del artículo 88, supra, y recurrió para ejercitarlas en el sentido de ordenar el emplazamiento a otro artículo del Código de Enjuiciamiento Civil, el 90, pero es lo cierto también que lo que hizo demuestra la disposición de su ánimo en el sentido de permitir que el pleito continuara.

Analicemos, no obstante, la cuestión a la luz del artículo 90, supra. Dice:

"Artículo 90. Si se devolviera la citación sin haber sido hecha a todos o a cualquiera de los demandados, el secretario, a petición del demandante, expedirá una segunda citación en la misma forma que la primera."

Equivale al 408 del Código de Enjuiciamiento Civil de California al que se agregó un disponiéndose que prohibe la expedición de segundas citaciones transcurrido un año de la presentación de la demanda.

Claro es que la expedición de la segunda citación queda predicada a la devolución de la primera sin haberse cumplimentado. Aquí se alegó por la demandante que se había expedido el emplazamiento al radicarse la demanda y que según su información y creencia el emplazamiento fué notificado personalmente al demandado, no pudiendo luego encontrarse el documento original por lo que se solicitaba la expedición de un duplicado. El demandado alegó que jamás fué notificado y la corte en su resolución dió por sentado que el primer mandamiento se había expedido.

No consta que la demandante aportara evidencia. El demandado y apelante dice en su alegato que no la presentó, y sostiene que bajo esas condiciones carece de base la conclu-

sión de la corte. La alegación es fuerte en verdad, pero no puede perderse de vista que pudo quedar nota en los libros del secretario de la expedición del primer emplazamiento. Las resoluciones de las cortes se presumen justas a menos que se demuestre claramente lo contrario.

No debe perderse de vista tampoco para la resolución de este caso que ningún perjuicio se causó al demandado al permitirse que se le emplazara de nuevo o por primera vez después de dos años de radicada la demanda. Ésta nunca llegó a ser desestimada. La demandante pudo radicarla de nuevo y obtener un emplazamiento dentro del año. Dada la prueba aportada por la demandante sobre sus gestiones de cobro no afecta a la resolución de la cuestión de prescripción suscitada el que la demanda se hubiera archivado cuando lo fué o dos años más tarde.

Resolviendo, pues, por sus méritos dicha cuestión, se concluye que la corte no cometió los tres primeros errores que se le atribuyen.

Tampoco cometió los restantes. Se probó la existencia del pagaré firmado por el demandado reconociendo su deuda, su traspaso a la demandante, el vencimiento del mismo en 1921 y el no pago, las gestiones de cobro, las facilidades de pago que se dieron al demandado y el no cumplimiento de éste en forma alguna.

■ No hubo novación. Viendo que el demandado no pagaba, la demandante se avino a recibir lo que él mismo le propuso, cien dólares anuales, que según el propio demandado comenzaría a satisfacer el propio año de 1923 o en el 1924. La deuda fué siempre la misma. Se consintió en variar la forma de su pago. Y como la variación favorable al demandado no fué por éste cumplida, quedó en toda su fuerza y vigor como contraída originalmente.

■ Cuando en diciembre de 1924 los abogados de la demandante se dirigieron al demandado cobrándole, éste no negó la deuda. Dijo que existía un nuevo convenio para el pago.

La acción de la demandada no había prescrito en tal virtud cuando la demanda se interpuso en 1927, ni habría prescrito aunque se hubiera interpuesto dos años más tarde, porque la prueba demostró que en mayo 31, 1929, uno de los empleados de la demandante tuvo con el demandado una entrevista y éste reconoció la existencia de su obligación.

En cuanto a la no suspensión del juicio, no sólo no se ha demostrado que la corte abusara de su poder discrecional al actuar en la forma en que lo hizo, si que examinada la propia moción del demandado a la luz del artículo 202 del Código de Enjuiciamiento Civil se encuentra que no se ajusta a las prescripciones de la ley: no se alega en ella la importancia esencial de la prueba con que se contaba, ni que se hubiera practicado la debida diligencia para obtenerla. Al contrario, se desprende de ella misma la falta de diligencia porque es inconcebible que dado el estado en que se encontraba el pleito aún no hubiera investigado el demandado el domicilio de sus testigos residentes en San Juan.

Es éste un caso que revela todas las sutilezas a que puede recurrir una persona que quiere eludir el pago de una deuda cuya legitimidad en su origen no le es posible negar ni niega en momento alguno. La justicia absoluta lo resolvería expuestos los hechos, sin más razonamientos ordenando el pago. La justicia relativa y regulada por la ley y los precedentes que nos es dable impartir ha requerido un estudio cuidadoso de todas las cuestiones planteadas. Por fortuna, la resolución a que se llega es la misma.

*Debe confirmarse la sentencia apelada.*