Tomás Fuentes, conocido por Tomás Pérez, demandante y apelado, *v.* La Sucesión Testamentaria del Finado Pedro Pérez Sales, Etc., demandada; Pedro Pérez Sales, apelante, y Enrique Olivencia, interventor.

No. 6630.—*Sometido:* Diciembre 3, 1934. *Resuelto:* Enero 17, 1935.

*José Sabater*, abogado del apelante; *M. A. García Méndez y A. Ramírez Silva*, abogados del apelado; *Bolívar Pagán*, abogado del interventor.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Tomás Fuentes, conocido por Tomás Pérez, inició en 3 de julio de 1931 un pleito de filiación contra los herederos o representantes de Pedro Pérez Sales y contra otras personas. En 6 de octubre de 1932 Tomás Pérez Sales, uno de los demandados, compareció ante la Corte de Distrito de Mayagüez y solicitó el archivo del caso en lo que a él se refería, toda vez que aunque vivía en Mayagüez, nunca había sido citado o emplazado en forma alguna. En 19 de enero de 1934 la Corte de Distrito de Mayagüez, después de oír a ambas partes, declaró sin lugar dicha moción. La teoría de la corte al declarar sin lugar la moción fué que el dejar de emplazar o notificar a una parte no era fatal toda vez que el precepto legal era de carácter directivo más bien que imperativo. Tomás Pérez Sales apeló de esta resolución y tenemos ante nos una moción para desestimar dicho recurso por dos fundamentos.

El primer fundamento es que la resolución de la Corte de Distrito de Mayagüez no era apelable puesto que no caía dentro de ninguna de las disposiciones del artículo 295 del Código de Enjuiciamiento Civil, que lee así:

"Podrá establecerse apelación para ante el Tribunal Supremo contra las resoluciones de las cortes de distrito en los casos siguientes:

"1.—De una sentencia definitiva pronunciada en un pleito o procedimiento especial, comenzado en la corte que la hubiera dictado, dentro de un mes después de haberse registrado la sentencia.

"2.—De una sentencia de una corte de distrito dictada en apelación interpuesta contra resolución de una corte inferior, dentro de los quince días después de registrada dicha sentencia, si el valor de la cosa reclamada o cuantía de la sentencia sin comprender frutos o intereses, excediera de trescientos dólares.

"3.—De una providencia concediendo o denegando un nuevo juicio; concediendo o anulando un *injunction;* negándose a conceder o anular un *injunction;* anulando o negándose a anular un embargo; concediendo o negándose a conceder un cambio de lugar para la celebración del juicio; de una providencia especial dictada después de una sentencia definitiva; y de una sentencia interlocutoria en pleitos sobre partición de propiedad real, dentro de los diez días de dictada

la providencia o sentencia interlocutoria y de anotada la misma en el libro de actas de la corte o de archivada en la secretaría."

Revisando la jurisprudencia de esta corte hallamos que hay varios casos en que ciertas órdenes han sido declaradas inapelables que podrían considerarse como análogos, como por ejemplo: *Santiago* v. *Benvenutti,* 43 D.P.R. 358; *Vargas* v. *Cruz,* 41 D.P.R. 137; *Ralat* v. *Nazario,* 40 D.P.R. 359; *Banco Territorial* v. *Astor,* 40 D.P.R. 882; *Veve* v. *Rodríguez,* 33 D.P.R. 336; *Monagas* v. *Rivera,* 32 D.P.R. 716.

Podría agregarse que los casos citados por el apelante en oposición a la moción para desestimar no nos convencen de que la resolución fuera apelable. *Pacific Paving Co.* v. *Vizelich,* 141 Cal. 4; *Vrooman* v. *Li Po Tai,* 113 Cal. 302; véase también *Marks* v. *Keenan,* 140 Cal. 33; 3 C. J. 441.

El hecho cierto es que el apelante era una de varias personas que aparentemente tenían derecho a oponerse a la demanda de filiación radicada en este caso. No hay indicación alguna de que no pudiera haberse entablado un nuevo litigio. Aunque es cierto que la ley exige que se expida la citación dentro de determinado período de tiempo, sin embargo, las cortes son siempre liberales y permiten que un pleito en tramitación continúe si el único efecto que produciría el sobreseimiento del mismo es hacer que el demandante instruya un nuevo recurso con el mismo propósito. Se da énfasis a esta cuestión cuando, conforme admitió el apelante en su moción, el pleito ya ha sido radicado contra varias personas que tienen interés en oponerse al mismo. Igualmente, la corte tenía discreción después de haber transcurrido el período estatutario de un año. *Costa & Santini, Sucr., Inc.* v. *Suliveres,* 44 D.P.R. 739.

Por ende, convenimos con la Corte de Distrito de Mayagüez en que la disposición del Código de Enjuiciamiento Civil es de carácter directivo más bien que imperativo y que no excluye el poder discrecional que tiene una corte para

negarse a sobreseer un pleito contra uno de varios demandados o aún contra un solo demandado. Como la corte permitió que el caso prosiguiera no hubo en definitiva sentencia final contra el demandado. Él estaba obligado a tener su día en corte. En el artículo 295 no hay ninguna otra disposición legal que pudiera justificar la apelación. Es cierto que si la corte hubiese ordenado el archivo y sobreseimiento del pleito, ello sería una sentencia definitiva contra el demandante en un pleito como el presente. De ahí no se desprende en absoluto que una decisión en sentido contrario sería apelable.

Otro fundamento de la moción para desestimar fué que el apelante, después de radicar su ameritada moción, realizó gestiones activas para que el caso fuese pospuesto. Es cierto que el apelante presentó tal moción con la reserva de que no debía afectar el recurso de apelación pendiente. Tal reserva sería quizá inefectiva si en su comparecencia para solicitar la aludida posposición del caso no estaba envuelta cuestión alguna de jurisdicción y surgía una sumisión a la corte. *Aparicio Hnos.* v. *Christianson,* 23 D.P.R. 493.

Tiene peso la teoría del apelado de que debe considerarse que el demandado y apelante ha renunciado a la moción de archivo y sobreseimiento y en su consecuencia a su recurso de apelación, mas no es necesario que basemos nuestra decisión en este fundamento.

El apelado también dijo que la apelación era frívola, por el motivo que acabamos de aducir y tal vez por otros, pero la razón fundamental para desestimar el recurso es que la resolución no era apelable.

*Debe declararse con lugar la moción para desestimar.*