MATEO ORTIZ, sustituído por SANTOS ORTIZ, representado por su madre JOSEFA GARCÍA, demandante y apelado, v. SUCESIÓN DE ROQUE STELLA, demandada y apelante.

No. 6973.—*Sometido:* Marzo 4, 1935. *Resuelto:* Marzo 8, 1935.

*T. Bernardini de la Huerta,* abogado de la apelante; *González Fagundo & González, Jr.,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El 7 de febrero último la Corte de Distrito de Guayama declaró con lugar una moción sobre sustitución de parte demandante presentada en el pleito civil sobre filiación seguido ante ella por Mateo Ortiz contra la Sucesión de Roque Stella. No

conforme la parte demandada, apeló para ante este Tribunal, habiendo solicitado la parte demandante la desestimación del recurso por moción de 18 de febrero cuya vista se celebró con asistencia de los abogados de ambas partes el 4 de marzo actual.

Dos son los motivos que se alegan para solicitar la desestimación, a saber: que la resolución de febrero 7, 1935, no es apelable, y que la apelación es frívola. Sólo será necesario considerar el primero.

██ No se trata de una resolución negando la sustitución, sino concediéndola en el curso de un litigio pendiente ante el tribunal. Es cierto que la cuestión en sí quedó resuelta en contra del criterio sustentado por la parte demandada, pero también queda resuelta por ejemplo la excepción previa de que el demandante no tiene capacidad legal para demandar cuando se aduce en un litigio por la parte demandada y ésta no tiene derecho a apelar directa e inmediatamente si la resolución se dicta declarando sin lugar la excepción previa.

El recurso de apelación se otorga contra sentencias definitivas pronunciadas en pleitos o procedimientos especiales; contra sentencias pronunciadas por las cortes de distrito en casos de apelación; contra providencias concediendo o denegando un nuevo juicio; concediendo o anulando un *injunction;* anulando o negándose a anular un embargo; concediendo o negándose a conceder el traslado, y contra providencias especiales dictadas después de sentencia definitiva y sentencias interlocutorias en pleitos sobre partición de propiedad real. Artículo 295 del Código de Enjuiciamiento Civil.

La parte apelante sostiene que la orden de febrero 7, 1935, es apelable por haberse dictado en un procedimiento especial, cual es, según ella, el establecido por el artículo 69 del Código de Enjuiciamiento Civil, como sigue:

"Artículo 69.—Una acción o procedimiento no termina por la muerte o incapacidad de una de las partes, o por la cesión de cual-

quier interés en dicha acción o procedimiento, siempre que la causa de una u otra subsista o continúe. En caso de muerte o incapacidad de una de las partes, la corte, previa moción al efecto, podrá permitir que continúe la acción o procedimiento por o contra el representante o sucesor del muerto o incapacitado. En caso de cualquier otra cesión de interés, la acción o procedimiento podrá continuarse en nombre de la parte iniciadora, o la corte permitir que la persona a quien se hizo el traspaso quede subrogada en la acción o procedimiento.''

A nuestro juicio no es el fijado por el artículo 69 un procedimiento especial dentro del significado del artículo 295 del Código de Enjuiciamiento Civil cuando dice: ''Podrá establecerse apelación . . . 1. De una sentencia definitiva pronunciada en un pleito o procedimiento especial, comenzado en la corte que la hubiere dictado. . .'' Se trata en tal caso simplemente de una de las reglas que el Código contiene para que las cortes puedan resolver las varias cuestiones que surjan en el curso de los pleitos que ante ellas se tramiten.

''Para ser apelable bajo un estatuto concediendo apelaciones de una orden dictada en un procedimiento especial,'' se dice en 3 C. J. 543, ''la orden debe haberse dictado en tal procedimiento, pues de lo contrario el derecho a apelar, de existir, debe basarse en algún otro estatuto. Tal estatuto no es aplicable a una orden dictada a instancia de parte en un pleito civil ordinario, o a una orden dictada en cualquier pleito o procedimiento que no sea un 'procedimiento especial,' tal cual el mismo es definido por los estatutos o decisiones de la jurisdicción de que se trate.''

Hemos examinado la nota al texto que cita cuarenta y tres casos de órdenes consideradas apelables y en ninguno de ellos está éste que consideramos comprendido. La orden sí es revisable en apelación, pero lo es en la que pueda establecerse en su día contra la sentencia resolutoria del pleito. De otro modo los recursos se multiplicarían indebidamente. Véase el caso de *Fuentes* v. *Sucn. Pérez Sales,* 47 D.P.R. 909.

Para sostener que se trata de una orden apelable invoca la parte demandada la jurisprudencia establecida por la Corte

Suprema de California en el caso de *Estate of Baker*, 170 Cal. 578. A nuestro juicio la jurisprudencia no es aplicable. Es muy distinta la situación que surge de los hechos del caso. Bastará referirnos al resumen, que dice:

"Estando pendiente una petición para que se revocara la aprobación de un testamento solicitada por un heredero legal, falleció el peticionario y el día señalado para la vista la misma fué llamada a juicio, y la muerte del peticionario fué notificada a la corte por sus abogados; el albacea solicitó de ésta que archivara la petición, fundándose exclusivamente en que el derecho de acción no se extendía más allá de la vida del peticionario, moción que fué declarada con lugar; en el momento de la moción y de dictarse la orden no se había designado administrador o albacea del peticionario ni se había notificado la moción para desestimar al administrador, albacea o representante personal del mismo, sino que unos dos meses más tarde se designó un administrador judicial de los bienes relictos del peticionario, quien inmediatamente notificó y radicó una moción en la que solicitaba se dictara una orden anulando y dejando sin efecto la orden que decretó el archivo de la petición y que como tal administrador se le sustituyera por el peticionario fallecido, moción que fué declarada sin lugar; se resolvió que procedía una apelación interpuesta por dicho administrador contra la última orden dictada.

"Si bien la regla general es que no procede una apelación contra una orden que se niega a declarar sin lugar una resolución o sentencia, hay excepciones a tal regla cuando a fin de que pueda hacerse justicia, se permite una apelación de una orden rehusando dejar sin efecto una sentencia o decreto, cuando, por razones que no envuelven culpa de la parte apelante, a ella nunca se le ha dado oportunidad para apelar directamente de la sentencia o decreto. Existen casos en que los derechos o intereses de una persona son perjudicados por una sentencia o por una orden apelable en un litigio en que esa persona no es realmente una parte o en el cual, de ser una parte, no ha sido notificada debidamente, de suerte que en lo que a ella se refiere, la sentencia u orden apelable resultan ser *ex parte*. En tales casos se permite siempre que la persona perjudicada se convierta en parte en el litigio, de no haberlo sido antes, y después que se ha sometido a la jurisdicción de la corte, puede solicitar que se deje sin efecto el decreto u orden apelables que afectan sus interses, y apelar si la moción se declara sin lugar. El mismo derecho asiste a aquella persona que es parte en un litigio y contra la cual

se ha dictado indebidamente y *ex parte* tal orden o decreto. Estos casos, desde luego, surgen cuando las mociones son dictadas después que el término prescrito por la ley para apelar ha transcurrido.

''La orden de archivo en tal caso equivalió en sus efectos a una orden que estrictamente se negó a revocar la aprobación del testamento; y un decreto en que se deniega la revocación de un testamento ya aprobado, es una orden apelable de conformidad con el artículo 963 del Código de Enjuiciamiento Civil.''

*No siendo, pues, apelable la resolución recurrida, debe declararse con lugar la moción del apelado y en su consecuencia desestimarse el recurso.*