GUADALUPE, PETICIONARIO, *v.* BERGA, JUEZ DE DISTRITO, DEMANDADO.

SOLICITUD para que se expida un auto de *certiorari* contra el Juez de la Corte de Distrito de Humacao.

No. 316.—Resuelto en marzo 31, 1921.

CORTES DE DISTRITO—DESESTIMACIÓN DE APELACIÓN POR LA CORTE DE DISTRITO—APELACIONES PROCEDENTES DE CORTES MUNICIPALES.—Radicada en la corte de distrito una apelación procedente de la corte municipal fuera del término o de la prórroga previstos por la Ley No. 13 de 1917, procede la desestimación del recurso aunque la transcripción se hubiera radicado antes de ar-

chivarse la moción pidiendo la desestimación. Las cortes de distrito no pueden aplicar por analogía la sección 58 del Reglamento del Tribunal Supremo.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. F. González.*

El juez demandado compareció.

Abogado de la parte contraria: *Sr. R. López Antongiorgi.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

En una solicitud interesando un auto de *certiorari* se queja el peticionario de la acción tomada por la Corte de Distrito de Humacao al desestimar una apelación procedente de la Corte Municipal de Vieques. Expedido el auto las actuaciones de la corte de distrito se encuentran debidamente ante nos.

El peticionario conviene desde luego en que la Ley No. 13 de noviembre 14 de 1917 exige que en una apelación de una corte municipal debe radicarse la transcripción en la corte de distrito dentro de los veinte días de la fecha del escrito de apelación y admite que la transcripción no fué radicada dentro de ese término. Sostiene, sin embargo, que como la transcripción fué realmente radicada antes de presentarse la moción de desestimación, la regla 58 del Reglamento de este tribunal es aplicable por analogía. La regla es como sigue:

"58. Si la copia de los autos, no fuere presentada dentro del término prescrito, puede desestimarse la apelación al hacerse una moción en tal sentido previa notificación de la misma. Si la copia de los autos, ha sido presentada a la fecha en que se haga tal notificación, este hecho constituirá una contestación eficaz a la referida moción aún en el caso de que dicha copia no se hubiere presentado dentro del término prescrito."

Debe notarse que la ley de 1911 que regula las apelaciones a esta corte, nada disponía respecto a las desestimaciones y la regla 58 aprobada antes de esa fecha siguió siendo

aplicable. La Ley No. 13 de noviembre 14, 1917, es como sigue:

"LEY PARA ENMENDAR LA SECCIÓN PRIMERA DE LA LEY PARA REGLA-
MENTAR LAS APELACIONES CONTRA SENTENCIAS DE LAS CORTES MU-
NICIPALES EN PLEITOS CIVILES, APROBADA EN MARZO 11 DE 1908.

"*Decrétase por la Asamblea Legislativa de Puerto Rico:*

"Artículo 1.—La sección primera de la ley para reglamentar las apelaciones contra sentencias de las cortes municipales en pleitos civiles, aprobada en marzo 11 de 1908 queda por la presente enmendada, de modo que se lea como sigue:

" 'Sección primera.—Cuando una corte municipal hubiere dictado sentencia en un asunto civil, resolviéndolo definitivamente, cualquiera de las partes que se creyere perjudicada, podrá interponer recurso de apelación para ante la corte de distrito del distrito judicial en que radicare la corte municipal. Se formalizará la apelación notificándola por escrito al secretario de la corte municipal, dentro de los diez días siguientes al en que se hubiere notificado la sentencia a la parte contra la cual se hubiere dictado, o a su abogado, y entregando igual notificación dentro del mismo término a la parte contraria, o a su abogado.

" 'Dentro de los veinte días siguientes a la radicación del aviso de apelación, la parte apelante radicará en la secretaría de la corte de distrito correspondiente una transcripción de todas y cada una de las alegaciones, mociones, órdenes, de la sentencia definitiva y del escrito de apelación, previa entrega de un ejemplar de dicha transcripción a la parte contraria, o a su abogado. La referida transcripción será certificada por los abogados de las partes, o por éstas, en cuanto a su exactitud, y dentro de cinco días de radicada dicha transcripción, la parte apelada podrá solicitar de la corte de distrito, y se ordenará por ésta, si así procediere, que se agregue al record cualquier alegación, documento, orden o escrito que, constando en el record de la corte municipal, se hubiere omitido y fuere necesario para la mejor resolución del caso.

" 'Si los abogados o las partes se negaren o no se pusieren de acuerdo para certificar dicha copia o record, entonces lo hará el secretario de la corte municipal, a petición del apelante.

" 'Si la transcripción no fuere radicada en la corte de distrito dentro del término prescrito, o de la prórroga que dicha corte hubiere concedido al efecto, se desestimará la apelación.' "

Existen otros artículos que no se relacionan con el punto.

La ley, por su faz, es imperativa. El apelante puede conseguir que su término sea prorrogado para radicar la transcripción, pero si dejare de radicar la transcripción dentro del término o de obtener una prórroga, la corte, según parece, no tiene discreción excepto para desestimar la apelación. Es la Legislatura, por virtud del artículo 40 de la Ley Orgánica, la que ha fijado la forma en que deben interponerse las apelaciones y prescrito lo relativo a la desestimación de las mismas. Fuera de las excepciones citadas no se dejó facultad alguna a la corte de distrito y la ley no parece ser una usurpación del poder judicial. Aunque es cierto que la corte de distrito adquirió la jurisdicción por virtud del escrito de apelación, sin embargo, también estaba obligada a desestimar de acuerdo con las prescripciones de dicha ley. El apelante, si bien radicó su transcripción después, dejó de cumplir con la ley y no vemos que la corte tuviera discreción para excusar su demora. En el tomo 4, C. J., página 464, se dijo en efecto, que estos estatutos o reglas relativos al envío de la transcripción no pueden modificarse o prescindirse de ellos por orden o actuación de la corte, o ser renunciados por las partes. Desde luego que esta cita ha de considerarse con las excepciones relativas a las prórrogas enumeradas en la ley misma.

Aún cuando la corte hubiera tenido discreción para prorrogar el término después del fijado por la ley, el apelante nada hizo por aprovecharse de tal discreción. El insistió en un derecho legal.

El auto debe ser anulado.

*Anulado el auto de* certiorari *expedido.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.