Luis Puig, peticionario, *v.* La Corte de Distrito de San Juan, Hon. Ricardo A. Gómez, Juez, demandada.

No. 735.—*Sometido:* Noviembre 24, 1930. *Resuelto:* Noviembre 28, 1930.

*Pellón & Ayuso,* abogados del peticionario; *Angel A. Vázquez,* abogado de los demandantes en el pleito principal.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Envuelve este caso la interpretación de la sección 5 de la Ley No. 10 estableciendo juicios especiales en las cortes municipales de Puerto Rico, y para otros fines, aprobada el 29 de abril de 1921, que dice:

"Sección 5.—Contra la sentencia que se dicte por la corte municipal podrá apelarse para ante la corte de distrito correspondiente, dentro del décimo día de notificado el perjudicado. Interpuesta la apelación, dentro del quinto día el secretario deberá remitir los autos originales del caso, a dicha corte de distrito, la cual procederá a celebrar el juicio *de novo,* ajustándose a los trámites de la presente, sin sujeción tampoco a calendario."

Interpuesta apelación por la parte demandada para ante la Corte de Distrito de San Juan, en el pleito seguido por Eugenio Méndez contra Luis Puig en la Corte Municipal de San Juan, de acuerdo con la indicada Ley No. 10 de 1921, por no exceder la reclamación de cien dólares, eleváronse los autos originales a la corte de apelación el mismo día que el recurso se interpuso, 2 de septiembre de 1930.

Veinte días después el demandante y apelado pidió a la corte de distrito que desestimara el recurso por haberse celebrado la lectura del calendario el 19 de septiembre de 1930 sin que el demandado y apelante solicitara la inclusión del pleito en el mismo, infringiendo así el apartado (*b*) de la sección 3 de la ley para reglamentar las apelaciones contra sentencias de las cortes municipales en pleitos civiles, de 1908, tal como quedó enmendada por la Ley No. 93 de 1919, que en lo pertinente dice:

"(b) Si el apelante dejase de solicitar la inclusión del pleito en el calendario, el juez de distrito declarará desierto el recurso, imponiéndole las costas; y el secretario remitirá inmediatamente la causa a la corte inferior para la ejecución de la sentencia apelada."

La corte oyó a ambas partes, y, el 11 de octubre último, resolvió la cuestión planteada en favor del demandante apelado. Parece conveniente transcribir lo que sigue de su resolución:

"Es verdad que esta apelación se ha entablado de acuerdo con la ley No. 10 de 1921, y se alega por el demandado apelante que siendo dicha ley una especial, no son aplicables los preceptos de la ley general para apelaciones contra sentencias de las cortes municipales; pero entiende esta corte que habiendo sido promulgada dicha ley No. 10 a los fines de hacer más rápidos los procedimientos que ella aplica, al hablar dicha ley de la inclusión de dichas apelaciones en calendario, debe referirse al primer calendario que se vea ante la corte. Así lo entendió esta corte al dictar su resolución en el caso No. 12928 de Francisco Larrazabal v. Rogelio D. León, con fecha 23 de agosto de 1930, declarando desierto el recurso de apelación establecido, en moción para desestimar del apelado, con alegaciones análogas a las que discutimos en este caso."

El demandado apelante presentó a la corte un razonado escrito de reconsideración, que fué declarado sin lugar. Entonces interpuso el presente recurso de *certiorari*. Tratándose de una cuestión de procedimiento de verdadera importancia, el auto fué expedido, señalándose la vista para el 24 de noviembre actual. Ambas partes comparecieron y fueron oídas por el tribunal.

A nuestro juicio es evidente el error cometido por la corte de distrito al aplicar al caso especial de la Ley No. 10 de 1921, las reglas de la ley general de apelaciones de las cortes municipales para ante las cortes de distrito, de 1906, en contra no ya del espíritu sino de la letra misma de la sección 5 de la dicha Ley No. 10 de 1921.

Y esta conclusión resulta aun más clara si se examina la sección 4 de la Ley No. 10 de 1921, que dice:

"Sección 4.—El juicio se celebrará, sin sujeción a calendario, a instancia del demandante, previa notificación al demandado, si éste hubiera comparecido, y la corte dictará la sentencia que corresponda, el mismo día de la celebración del juicio, o al siguiente."

Se ve, pues, que en atención a la brevedad y facilidad que el legislador quiso imprimir a las reclamaciones a que la ley se refiere, eliminó de modo expreso el trámite del calendario en ambas instancias, así en la corte de jurisdicción original, como en el tribunal de apelación. Y si la ley expresamente ordena que tanto el primer juicio como el segundo en apelación se celebren sin sujeción a calendario, ¿cómo va a desestimarse la apelación porque el apelante no pidiera su inclusión en el calendario? El error cometido, como antes dijimos, es evidente.

*Debe anularse la resolución de la Corte de Distrito de San Juan, de 11 de octubre de 1930 y el caso devolverse a la dicha corte para que continúe tramitándose de acuerdo con la ley.*

El Juez Asociado Señor Texidor no intervino.