GOMBAL SUÁREZ, peticionario *v.* CORTE DE DISTRITO DE SAN ·JUAN, HON. PABLO BERGA, JUEZ, demandada.

No. 1052.—*Sometido:* Noviembre 11, 1935. *Resuelto:* Abril 22, 1936.

*Edgar S. Belaval,* abogado del peticionario; *J. Giménez Aguayo,* abogado del demandante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Un demandante inició pleito ante una corte municipal para recobrar la suma de $25, como saldo insoluto de daños y perjuicios que se alegaba montaban a $50 y la mitad de los cuales ya había sido pagada por el demandado. Dicho pleito fué entablado al amparo de una Ley (núm. 10) intitulada "Ley estableciendo juicios especiales en las cortes municipales de Puerto Rico, y para otros fines", aprobada el 21 de abril de 1921 (Leyes de ese año, pág. 113). La corte municipal, después de celebrar un juicio sobre los méritos, desestimó la demanda y el demandante apeló para ante la corte de distrito.

La sección 5 de la referida ley de 1921 lee así (Bastardillas nuestras.) :

"Contra la sentencia que se dicte por la corte municipal podrá apelarse para ante la corte de distrito correspondiente, dentro del décimo día de notificado el perjudicado. Interpuesta la apelación dentro del quinto día el secretario deberá remitir los autos originales del caso, a dicha corte de distrito, *la cual procederá a celebrar el juicio de novo, ajustándose a los trámites de la presente,* sin sujeción tampoco a calendario."

En el presente caso el demandante radicó su escrito de apelación el 7 de mayo de 1935. El mismo día el demandado solicitó el levantamiento del embargo. Su moción fué oída y el embargo levantado el 10 de abril. Los autos fueron radicados en la corte de distrito el 16 de mayo. Dos días después el apelado solicitó de la corte de distrito que desestimara la apelación, toda vez que no se habían elevado los autos dentro del período estatutario de cinco días. La corte de distrito halló que la demora se debió a la actuación del apelado al solicitar el levantamiento del embargo ante la corte municipal, y se negó a desestimar el recurso. También basó su negativa en parte en el hecho de que los autos en apelación habían sido presentados antes de radicarse la moción parar desestimar. El apelado entonces solicitó y obtuvo un auto de *certiorari*.

 La sección primera de la Ley (núm. 13) aprobada el 14 de noviembre de 1917 (leyes de ese año, Tomo II, pág. 225) lee como sigue:

"Artículo 1.—La sección 1*a*. de la ley para reglamentar las apelaciones contra sentencias de las cortes municipales en pleitos civiles, aprobada en marzo 11 de 1908 queda por la presente enmendada, de modo que se lea como sigue:

" 'Sección 1*a*.—Cuando una corte municipal hubiere dictado sentencia en un asunto civil, resolviéndolo definitivamente, cualquiera de las partes que se creyere perjudicada, podrá interponer recurso de apelación para ante la corte de distrito del distrito judicial en que radicare la corte municipal. Se formalizará la apelación notificándola por escrito al secretario de la corte municipal, dentro de los diez

días siguientes al en que se hubiere notificado la sentencia a la parte contra la cual se hubiere dictado, o a su abogado, y entregando igual notificación dentro del mismo término a la parte contraria o a su abogado.

" 'Dentro de los veinte días siguientes a la radicación del aviso de apelación, la parte apelante radicará en la secretaría de la corte de distrito correspondiente una transcripción de todas y cada una de las alegaciones, mociones, órdenes, de la sentencia definitiva y del escrito de apelación, previa entrega de un ejemplar de dicha transcripción a la parte contraria, o a su abogado. La referida transcripción será certificada por los abogados de las partes, o por éstas, en cuanto a su exactitud, y dentro de cinco días de radicada dicha transcripción, la parte apelada podrá solicitar de la corte de distrito, y se ordenará por ésta, si así procediere, que se agregue al récord cualquier alegación, documento, orden o escrito que, constando en el récord de la corte municipal, se hubiere omitido y fuere necesario para la mejor resolución del caso.

" 'Si los abogados o las partes se negaren o no se pusieren de acuerdo para certificar dicha copia o récord, entonces lo hará el secretario de la corte municipal, a petición del apelante.

" 'Si la transcripción no fuere radicada en la corte de distrito dentro del término prescrito, o de la prórroga que dicha corte hubiere concedido al efecto, se desestimará la apelación.' "

Se ha resuelto que la disposición de que "Si la transcripción no fuere radicada en la corte de distrito dentro del término prescrito, o de la prórroga que dicha corte hubiere concedido al efecto, se desestimará la apelación," es imperativa. *Guadalupe* v. *Berga, Juez de Distrito*, 29 D.P.R. 296 y *Blondet* v. *Flores*, 35 D.P.R. 214. La cuestión es si esta disposición de la enmienda de 1917 es aplicable a un caso de esta naturaleza.

No podemos asumir con el peticionario que el efecto de la ley de 1921 es meramente acortar el término de veinte días prescrito por la enmienda de 1917. La sección 5 de la ley de 1921 no es una enmienda a la ley de 1908, según ésta fué enmendada en 1917.

La enmienda de 1917 exige que el apelante, dentro de veinte días de presentado el escrito de apelación, radique en la oficina del secretario de la corte de distrito la transcripción

de autos de la corte municipal, luego de entregar copia de tal transcripción a la parte contraria o a su abogado. El párrafo final de la enmienda de 1917 especifica la falta de archivar esta transcripción "dentro del término prescrito o de la prórroga que dicha corte hubiere concedido al efecto." "El término prescrito" es el de veinte días fijado por la enmienda de 1917. Los autos en apelación en el presente caso fueron radicados en la oficina del secretario de la corte de distrito enteramente dentro del período estatutario de veinte días, aunque desde luego no hubo transcripción. Ni la ley de 1921 ni la enmienda de 1917 exigen de un juez de distrito que desestime una apelación interpuesta de una corte municipal en los casos comprendidos por la ley de 1921, al dejar el secretario de la corte municipal de "remitir los autos originales del caso dentro de los cinco días provistos por esta última ley."

El fin claro de la ley de 1921 fué crear un sistema rápido de justicia substancial mediante la simplificación y liberalización de las reglas ordinarias de procedimiento. El espíritu de la ley exige que los casos que caigan dentro de su alcance sean resueltos prontamente en sus méritos, no sólo por las cortes municipales, sino mediante la celebración de un juicio rápido *de novo* ante la corte de distrito. Teniendo esto en mente, se releva a la parte apelante de la necesidad de preparar una transcripción de autos dentro de veinte días y en su lugar se exige al secretario de la corte municipal que eleve los autos originales dentro de cinco días. Esto no equivalió meramente a acortar el término dentro del cual debía elevarse la trancripción a la corte de distrito. Ello equivalió a establecer un término enteramente nuevo y distinto, así como un método enteramente nuevo y diferente de transferir la causa de la corte municipal a la de distrito. Podría admitirse que la ley no relevó al apelante de toda responsabilidad al imponer al secretario de la corte municipal el deber de elevar lo autos a la corte de distrito dentro del término de cinco días. No hay, sin embargo, indicios de intención al-

guna de privar al juez de distrito de toda discreción respecto a si un recurso debe ser desestimado o no meramente porque el secretario de la corte municipal haya dejado o rehusado transmitir los autos originales dentro del período estatutario de cinco días. La disposición de que el juez de distrito debe desestimar una apelación, independientemente de las circunstancias, al dejar el apelante de elevar la transcripción de autos dentro de los veinte días fijados por la enmienda de 1917, es bastante drástica sin ampliarse la disposición en forma tal que se le exija que desestime una apelación interpuesta a tenor de la ley de 1921, al dejar el secretario de la corte municipal de elevar los autos originales dentro de los cinco días prescritos por esta última ley.

Con la ley de 1921 la Legislatura hizo que el procedimiento especial fuera tan simple que cualquier litigante inteligente pudiera sin riesgo alguno dirigir su propio caso. La efectividad de tal legislación depende en gran parte de la forma en que el juez municipal y de distrito dirijan el curso de los procedimientos. Debe dejarse mucho necesariamente al ejercicio de una sana discreción judicial. Evidentemente la Legislatura ha dejado mucho al ejercicio de tal discreción. No ha fijado límite a la discreción del juez de distrito sobre las desestimaciones de recursos. La corte de distrito actuó correctamente, a nuestro juicio, al negarse a introducir en el procedimiento especial la regla inflexible establecida en el párrafo final de la enmienda de 1917. Ni un lego en la materia ni un letrado tendrían razón alguna para creer, al leer la Ley de 1921, que un juez de distrito no podría negarse a desestimar un recurso en un caso meritorio. El resolver que él no tiene discreción a este respecto sería subversivo del espíritu de la ley de 1921.

Nuestra conclusión es que un juez de distrito, no obstante la disposición obligatoria de la enmienda, puede ejercer una sana discreción al resolver una moción para desestimar un recurso interpuesto al amparo de la sección 5 de la ley de

1921, por dejarse de elevar los autos dentro del término de cinco días.

█ Podría admitirse que la corte de distrito cometió error al concluir que la demora se debió a la actuación del apelado al radicar una moción para levantar el embargo. El hecho de que se hubiera radicado tal moción en la corte municipal no fué una explicación o excusa satisfactorias para que el secretario dejara de elevar los autos a la corte de distrito. Ya hemos admitido, para los fines de esta opinión, que el dejar el secretario de hacer esto no relevó al apelante de toda responsabilidad. No se demuestra diligencia alguna por parte del apelante. El hecho de que se radicaran los autos antes de presentarse la moción para desestimar fué, sin embargo, respuesta suficiente a tal moción. Por lo menos, no hubo abuso de discreción por parte del juez de distrito al así resolver. *Santini* v. *Cuevas Zequeira, Juez de Distrito,* 21 D.P.R. 431. Cuando la corte no tiene discreción, esta regla, desde luego, no sería aplicable. *Guadalupe* v. *Berga,* supra, y *Blondet* v. *Flores,* supra. Estos casos dejan de sostener el criterio de que la corte de distrito, en el ejercicio de una sana discreción, cuando tiene facultad para ejercer tal discreción, no puede decir que la radicación de los autos en apelación antes de presentarse una moción para desestimar el recurso es suficiente respuesta a tal moción.

*Debe anularse el auto expedido.*

El Juez Asociado Señor Travieso no intervino.