Feliciano Berríos, peticionario, *v.* Corte de Distrito de Guayama, Hon. Antonio R. Barceló, Juez, demandada.

Núm. 1270.—*Sometido:* Enero 26, 1942. *Resuelto:* Febrero 9, 1942.

*M. Guzmán Texidor,* abogado del peticionario; *Angel M. Torregrosa,* abogado de los interventores, demandantes en el pleito principal.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

En la Corte de Distrito de Guayama se radicó el caso de la Sucn. Alicea v. Feliciano Berríos, sobre cobro de dinero, procedente en apelación de la Corte Municipal de Cayey, donde había sido incoada la acción bajo la ley núm. 10 de 1921 (pág. 113). La parte demandante, antes de ser señalado el caso, solicitó permiso de la corte para enmendar la demanda, con el fin de incluir como partes demandantes a otros herederos de Julián Alicea a quienes se habían omitido incluir en la demanda original. El demandado se opuso, pero la corte de distrito, después de oír a las partes, admitió la demanda enmendada que acompañaron los demandantes a su moción y señaló la vista del caso en su fondo. El demandado entonces radicó este recurso de *certiorari* ante este Tribunal, alegando que la corte inferior había incurrido en dos errores de procedimiento, primero, al permitir que la demanda fuera enmendada, en contravención a lo resuelto en *Santana* v. *Corte,* 58 D.P.R. 568, y segundo, al señalar la vista del caso en su fondo sin "darle oportunidad al demandado para contestar dicha demanda o hacer alegaciones contra la misma, privando así de un derecho legítimo al demandado."

En cuanto al primer error, esta corte resolvió, en el caso de *Santana* v. *Corte,* supra, interpretando la sección 3(*a*) de la Ley para reglamentar las apelaciones contra sentencias de las cortes municipales en casos civiles, tal y como fué enmendada por la ley núm. 31 de 1934 (pág. 293), que "en las

apelaciones de las cortes municipales a las del distrito, las alegaciones sólo pueden enmendarse con permiso de la corte al declarar ésta con lugar una excepción previa a la demanda o a la contestación.''

Por tanto, la cuestión fundamental envuelta en este recurso es si el demandante en un caso iniciado bajo la ley núm. 10 de 1921 ante una corte municipal y apelado a la de distrito, puede en esta última enmendar su demanda con permiso de la corte y sin que se haya declarado con lugar excepción previa alguna del demandado.

El caso de autos no se tramitó bajo la ley general que reglamenta las apelaciones de las cortes municipales, objeto de interpretación en el caso de *Santana,* si que por la ley especial de 1921, supra, que en su sección 5 dispone lo siguiente:

''Sección 5.—Contra la sentencia que se dicte por la corte municipal podrá apelarse para ante la corte de distrito correspondiente, dentro del décimo día de notificado el perjudicado. Interpuesta la apelación, dentro del quinto día el secretario deberá remitir los autos originales del caso, a dicha corte de distrito, la cual procederá a celebrar el juicio *de novo* ajustándose a los trámites de la presente, sin sujeción tampoco a calendario.''

¿De qué consisten los autos originales del caso y cuáles los trámites a que se refiere dicha sección? Lo especifican las secciones 1 y 2 de la ley en esta forma:

''Sección 1.—En todo caso civil sobre cobro de dinero que envuelva una suma no mayor de cien (100) dólares, o concerniente a contrato de aparcería que entrañe una cuantía que no exceda de cien (100) dólares, el demandante podrá presentar un simple escrito de demanda a la corte municipal que tenga jurisdicción sobre el asunto, y el juez de la misma dictará una orden citando a las partes interesadas con copia de dicha demanda, para una comparecencia que deberá celebrarse dentro de tres días después de la citación, si el demandado residiere dentro del distrito municipal y dentro de seis días en los demás casos. Si el demandado residiere fuera de Puerto Rico, se hará su citación por edictos de acuerdo con el Código de Enjuiciamiento Civil, y el juicio deberá celebrarse dentro de los cinco días siguientes a la publicación del último edicto.

"Sección 2.—En dicha comparecencia, la parte o partes demandadas, contestarán por escrito, y se procederá entonces a la práctica de todas las pruebas de ambas partes en el tiempo más breve posible, y la contestación podrá comprender cualquier reconvención o contrademanda del demandado. Si algunos de los demandados no compareciere, se anotará su rebeldía, pero el juez oirá la prueba del demandante, y resolverá de acuerdo con ella."

Esta corte ha interpretado esta ley en varias ocasiones pero en ninguna se ha tratado o resuelto el punto específico envuelto en el caso de autos. Empero, algunas de esas decisiones demuestran cuál fué la intención legislativa al aprobar la ley especial. Así en el caso de *Rivera* v. *Aybar, Juez Municipal*, 32 D.P.R. 548, se solicitó en la corte municipal el traslado de un caso, tramitado bajo la ley especial de 1921, y a la moción se acompañó una excepción previa. Denegado el traslado se acudió a la corte de distrito por certiorari y habiéndose anulado el auto se apeló a esta Corte la que, al confirmar la sentencia apelada, se expresó, en lo pertinente, así:

"Hemos dicho que el Código de Enjuiciamiento Civil es aplicable a las cortes municipales y de acuerdo con él la petición de traslado debe hacerse al comparecer y contestar la demanda o al formular excepciones previas a ella, pero posteriormente, el 29 de abril de 1921, se ha promulgado la ley número 10 estableciendo juicios especiales en las cortes municipales para reclamaciones que no excedan de $100,...

"  .     .     .     .     .     .     .     .

"Como esta ley establece una tramitación especial y distinta a la del Código de Enjuiciamiento Civil, la cuestión a resolver es si puesto que nada dice con respecto a la presentación de excepciones previas por el demandado y se limita a ordenar que en la comparecencia se contestará la demanda, la petición de traslado habrá de hacerse con la contestación o si podrá hacerse formulando excepción previa, como hizo y entiende el apelante.

"Es cierto que, como sostiene el apelante, el demandado citado para contestar puede presentar excepciones previas a la demanda, aunque se le cita para contestar, pero esto es así porque el artículo 105 del Código de Enjuiciamiento Civil autoriza al demandado para excepcionar la demanda o para contestarla, *pero como la ley de 1921*

*citada establece un procedimiento especial en el que nada dice con respecto a las excepciones previas formuladas antes de la contestación y ordena que el demandado contestará en la comparecencia que haga, entendemos que no está facultado para formular excepciones previas antes de contestar y que tiene que contestar la demanda, aunque en ella alegue las excepciones que estime procedentes. Por esto, para que pudiera el demandado solicitar el traslado, tenía que acompañar a su petición una contestación, y no era suficiente presentar una alegación formulando excepciones previas a la demanda porque esta clase de alegaciones no existen en los juicios a que se refiere la ley número 10 de 1921, y por tanto en ese particular ha sido modificado el artículo 82 del Código de Enjuiciamiento Civil que permite hacer la petición formulando excepciones previas a la demanda.''* (Itálicas nuestras.)

Posteriormente, en el caso de *Puig* v. *Corte,* 41 D.P.R. 560 se resolvió, y citamos del sumario, que:

''Apelado a la corte de distrito un caso tramitado al amparo de la ley núm. 10 de 1921 (pág. 113) no procede desestimar el recurso entablado porque el apelante no pidiera su inclusión en el calendario conforme a la ley de marzo 11, 1908 (Comp. 5334) según quedó enmendada por ley núm. 93 de 1917 (1917 (3) pág. 17) promulgada en marzo 31, 1919. Dicha apelación debe tramitarse, por mandato expreso del legislador, sin sujeción a calendario.''

En el curso de la opinión emitida por el Juez Presidente, Sr. Del Toro, dijo esta corte:

''A nuestro juicio es evidente el error cometido por la corte de distrito al aplicar al caso especial de la ley núm. 10 de 1921, las reglas de la ley general de apelaciones de las cortes municipales para ante las cortes de distrito, de 1908, en contra no ya del espíritu sino de la letra misma de la sección 5 de la dicha ley núm. 10 de 1921.''

Y por último, en el caso de *Suárez* v. *Corte,* 49 D.P.R. 817, se hizo aún más clara cuál había sido la intención legislativa al aprobar la ley de 1921, al resolverse que su sección 5 no enmendó la sección 1ª. de la Ley de 1908 (Comp. 5332) según ésta fué enmendada por la ley núm. 13 de 1917 ((2) pág. 255), reglamentando las apelaciones contra sentencias de las

cortes municipales. Según la sección 5, supra, el secretario debe remitir los autos originales del caso a la corte de distrito dentro del quinto día de interpuesta la apelación, mientras que de acuerdo con la sección 1ª. es la parte apelante la que debe radicar en la secretaría de la corte de distrito una transcripción de los autos dentro de los veinte días siguientes a la radicación del escrito de apelación y se dispone expresamente que si la transcripción no fuere radicada dentro del término prescrito o de la prórroga concedida por la corte, se desestimará la apelación. Interpretando las dos secciones esta Corte, por medio del Juez Asociado Sr. Hutchison se expresó así:

"Se ha resuelto que la disposición de que 'Si la transcripción no fuere radicada en la corte de distrito dentro del término prescrito, o de la prórroga que dicha corte hubiere concedido al efecto, se desestimará la apelación,' es imperativa. *Guadalupe* v. *Berga, Juez de Distrito,* 29 D.P.R. 296 y *Blondet* v. *Flores,* 35 D.P.R. 214. La cuestión es si esta disposición de la enmienda de 1917 es aplicable a un caso de esta naturaleza.

"No podemos asumir con el peticionario que el efecto de la ley de 1921 es meramente acortar el término de veinte días prescrito por la enmienda de .1917. La sección 5 de la ley de 1921 no es una enmienda a la ley de 1908, según ésta fué enmendada en 1917.

"

....''Ni la ley de 1921 ni la enmienda de 1917 exigen de un juez de distrito que desestime una apelación interpuesta de una corte municipal en los casos comprendidos por la ley de 1921, al dejar el secretario de la corte Municipal de 'remitir los autos originales del caso dentro de los cinco días provistos por esta última ley.'

"El fin claro de la ley de 1921 fué crear un sistema rápido de justicia substancial mediante la simplificación y liberación de las reglas ordinarias de procedimiento. El espíritu de la ley exige que los casos que caigan dentro de su alcance sean resueltos prontamente en sus méritos, no sólo por las cortes municipales, sino mediante la celebración de un juicio rápido *de novo* ante la corte de distrito. Teniendo esto en mente, se releva a la parte apelante de la necesidad de preparar una transcripción de autos dentro de veinte días y en su lugar se exige al secretario de la corte municipal que eleve los autos originales dentro de cinco días. Esto no equivalió meramente

a acortar el término dentro del cual debía elevarse la transcripción a la corte de distrito. Ello equivalió a establecer un término enteramente nuevo y distinto, así como un método enteramente nuevo y diferente de transferir la causa de la corte municipal a la de distrito. Podría admitirse que la ley no relevó al apelante de toda responsabilidad al imponer al secretario de la corte municipal el deber de elevar los autos a la corte de distrito dentro del término de cinco días. *No hay, sin embargo, indicios de intención alguna de privar al juez de distrito de toda discreción respecto a si un recurso debe ser desestimado o no meramente porque el secretario de la corte municipal haya dejado o rehusado transmitir los autos originales dentro del período estatutario de cinco días.* La disposición de que el juez de distrito debe desestimar una apelación, independiente de las circunstancias, al dejar el apelante de elevar la transcripción de autos dentro de los veinte días fijados por la enmienda de 1917, *es bastante drástica sin ampliarse la disposición en forma tal que se le exija que desestime una apelación interpuesta a tenor de la ley de 1921, al dejar el secretario de la corte municipal de elevar los autos originales dentro de los cinco días prescritos por esta última ley.*

"Con la ley de 1921 la Legislatura hizo que el procedimiento especial fuera tan simple que cualquier litigante inteligente pudiera sin riesgo alguno dirigir su propio caso. *La efectividad de tal legislación depende en gran parte de la forma en que el juez municipal y de distrito dirijan el curso de los procedimientos. Debe dejarse mucho necesariamente al ejercicio de una sana discreción judicial. Evidentemente la Legislatura ha dejado mucho al ejercicio de tal discreción.* No ha fijado límite a la discreción del juez de distrito sobre las desestimaciones de recursos. La corte de distrito actuó correctamente, a nuestro juicio, al negarse a introducir en el procedimiento especial la regla inflexible establecida en el párrafo final de la enmienda de 1917. Ni un lego en la materia ni un letrado tendrían razón alguna para creer, al leer la ley de 1921, que un juez de distrito no podría negarse a desestimar un recurso en un caso meritorio. El resolver que él no tiene discreción a este respecto sería subversivo del espíritu de la ley de 1921.

"Nuestra conclusión es que un juez de distrito, no obstante la disposición obligatoria de la enmienda, puede ejercer una sana discreción al resolver una moción para desestimar un recurso interpuesto al amparo de la sección 5 de la ley de 1921, por dejarse de elevar los autos dentro del término de cinco días." (Itálicas nuestras.)

Aplicando la jurisprudencia citada al caso de autos somos de opinión de que no conteniendo la ley especial de 1921 disposición alguna limitando la facultad discrecional, tanto de la corte municipal como de la de distrito, para admitir enmiendas a las alegaciones, debemos reconocer que pueden hacerlo en casos apropiados, y que las disposiciones de la sección 3ª. de la ley general para reglamentar las apelaciones contra sentencias de las cortes municipales según fué interpretada en el caso de *Santana* v. *Corte,* supra, no es aplicable a los casos tramitados bajo la ley especial de 1921. Esta ley, como se dijo en el caso de *Rivera* v. *Aybar,* supra, no autoriza la radicación de excepciones previas que no estén contenidas en el mismo escrito de la contestación. Que podría surgir el caso en que el propio demandante se diera cuenta de que su demanda adolecía de algún defecto sustancial que debía ser corregido mediante enmiendas a la demanda, lo demuestra el caso de autos. La Sucesión Rivera demandante, a pesar de haber enmendado su demanda en la corte municipal para incluir a otros herederos del causante que habían sido omitidos, se dió cuenta, cuando ya el caso había sido apelado a la corte de distrito que existían otros herederos que debían incluirse como demandantes y solicitó permiso de la corte para radicar una demanda enmendada incluyéndolos. Para justificar su actuación discrecional admitiendo la demanda enmendada, la corte inferior hizo constar en su orden lo siguiente:

"Esta corte cree que en tales circunstancias puede el demandante solicitar la enmienda de su demanda sin necesidad de esperar a que sea radicada una excepción previa por defecto de partes demandantes, pues bien podría ocurrir que conociendo dicho defecto la parte demandada, como lo conoce en el caso de autos, no radique excepción previa alguna a fin de que el demandante después del juicio no pueda obtener sentencia.

"Creo que rehusarle en tales circunstancias al demandante enmendar su demanda resultaría arbitrario y no se cumpliría además el espíritu y propósito de la ley que rige la materia, de acuerdo como la misma ha sido interpretada por nuestro más alto Tribunal."

Somos de opinión que la corte inferior no abusó de su poder discrecional en este caso y que el primer error imputado no fué cometido.

Tampoco el segundo, pues si de acuerdo con la sección 2 de la ley de 1921, supra, según fué interpretada en el caso de *Rivera v. Aybar,* supra, el demandado tiene que contestar la demanda, incluyendo en su contestación las excepciones que estime procedentes, en el acto de la comparecencia a que es citado, no se privó al peticionario en este caso y demandado en la corte inferior, de la oportunidad para contestar la demanda enmendada o hacer alegaciones contra la misma, y por tanto, no se le privó de derecho legítimo alguno.

*Se declara sin lugar la petición y anula el auto expedido.*